*R. W. GLENN and others v. THE FARMER'S BANK.

### Practice—Laches.

In pursuance of a decree to distribute the assets of an insolvent bank, advertisement was made for creditors to prove their claims by a certain day, on pain of being thereafter barred; *Held* that a creditor who had no information of the advertisement, and who was not guilty of *laches* in presenting his claim, was entitled to prove after the day named.

(*Green* v. *N. C. R. R. Co.*, 73 N. C., 524; *Wordsworth* v. *Davis*, 75 N. C., 159, cited and approved.)

PETITION in the cause, heard at Fall Term, 1878, of GUIL-FORD Superior Court, before *Kerr, J.*

This is a creditor's suit which seeks to have the property of the defendant, The Farmer's bank, applied to its debts, and to have its stockholders assessed according to their respective liabilities under the charter, as such, to meet the deficiency. It has been twice before the court, and is reported in 70 N. C., 191, and 72 N. C., 626.

In the progress of the cause, and in order to ascertain the names of the creditors and the amount of the indebtedness of the bank, the court at spring term, 1876, appointed two commissioners to take proof of the debts, with authority to limit the time within which such proof could be made. The commissioners accordingly advertised in the *Greensboro Patriot* for more than six weeks for the creditors of the bank to come in and prove their claims at a certain place in Greensboro on or before the 6th of August, 1876, or they would be debarred from participating in the distribution of the fund. The report of the commissioners was made to spring term, 1877, and confirmed; and it was declared and adjudged by the court that all such creditors as had made the required

---

*Dillard, J., having been of counsel, did not sit on the hearing of this case.

7

proof should share in the assets of the bank, and those failing to do so be excluded therefrom.

The appellant through his counsel on the 24th of May, 1876, deposited certain bills of the bank held by him with the clerk, and caused the following memorandum to be then entered on the docket opposite the cause: "Calvin J. Cowles made party plaintiff by T. B. Keogh," of that date.

A formal and verified petition was presented to the court at December term, 1877, by the appellant praying to be allowed to become a co-plaintiff and to prove his claim alleging therein that he knew of the pending suit and "intended when opportunity offered to make himself party plaintiff, but that the advertisement, if any, escaped his attention and this too, though a constant reader of the newspapers, and on the lookout for notice of this suit."

The appellant subsequently at December term, 1878, made another similar application by a petition not verified, stating in substance the same facts, for leave to prove a larger indebtedness due him.

The applications were both refused, the latter upon the ground as stated in the judgment, that the appellant failed to "prove his claims before the expiration of the time" fixed in the published notice and "that the matter had already been adjudicated."

No apportionment has yet been made of the funds in the hands of the receiver and they are not in a condition to admit of present distribution. Motion refused and Cowles, the petitioner, appealed. (See *Bank, &c.*, v. *Creditors, ante* 9.)

*Messrs. A. W. Tourgee* and *J. N. Staples*, for petitioner.
*Messrs. W. P. Caldwell* and *T. Ruffin*, for defendants.

SMITH, C. J. (After stating the case.) The correctness of the ruling of the court by which the appellant was excluded from sharing in the assets is the only point presented for our

consideration upon the appeal.  Had the appellant a right upon his statement of the facts and according to the practrice governing in such case, to be admitted among the suing creditors and afforded an opportunity to show that he had and held valid claims against the bank ?

If the appellant had no information of the advertisement limiting the time for proofs and is not chargeable with negligence in bringing forward his claims, his application should have been granted, and it was the duty of the judge to ascertain and determine these precedent facts before giving a peremptory refusal.  This enquiry he does not seem to have made, and puts his decision on the simple ground of the appellant's omission to make proof within the restricted time, and that (referring as we suppose to the first petition) the matter was already adjudged.

It was objected in the argument here that the bills held by the appellant are barred by the statute of limitations, and he is not, therefore, entitled to be admitted among the creditors.  The objection is not tenable for two sufficient reasons:

1. It is not apparent upon the face of the complaint, and if it was, it must be taken by answer.  *Green* v. *N. C. Railroad Co.*, 73 N. C., 524.

2. The appellant only asks an *opportunity* to prove his debt, and if allowed, this or other sufficient legal defence may be set up, when the proof is offered by the other creditors or any one of them.  *Wordsworth* v. *Davis*, 75 N. C., 159.

The rules prevailing in the courts of chancery applicable to cases like the present one are well established and understood.

In *Gillespie* v. *Alexander*, 3 Eng. Ch. Rep., 326, Lord ELDON thus states the practice:  "Although the language of the decree, when an account of debts is directed, is that those who do not come in shall be excluded from the benefit of

that decree, yet the course is to permit a creditor, he paying the costs of the proceedings, to *prove his debt as long as there happens to be a residuary fund in court or in the hands of an executor, and to pay him out of that residue.* If a creditor does not come in till after the executor has paid away the residue, he is not without remedy though he is barred the benefit of that decree."

So in *Lashley* v. *Hogg,* 11 Ves. Ch. Rep. 601, the same eminent judge declared that "though the time" (for proving the debt) "had elapsed, yet the court will let in creditors at any time while the fund is in court."

An application on behalf of a creditor for permission to prove his debt after the money had been apportioned among the creditors, and transferred to an officer to be paid to them, was allowed by Vice Chancellor PLUMER, who remarked: "The creditor must pay the costs of this application, and the expense incident to the same in recasting the apportionment of the property amongst the creditors." *Angel* v. *Hadden,* 1 and 2, Mad. Ch. Rep., 285.

The same principle is laid down in Story Eq. Pl., § 106, and in Adams' Eq., 262, and is recognized and acted on in *Williams* v. *Gibbs,* 17 How., 239, and other cases cited in the brief of the appellant's counsel.

We think, therefore, the judge erred in summarily rejecting the application without inquiring into the facts, and if the appellant, in the language used by the court in the last mentioned case, "was not guilty of wilful laches or unreasonable neglect" he ought not to be concluded by the decree from the assertion of his right, as a creditor, to share in the common fund.

Error.                                                          Reversed.