A. Y. BOND ET AL. v. THE PICKETT COTTON MILLS, INC.

(Filed 20 May, 1914.)

1. Contracts — Interest — Interpretation of Statutes — Unliquidated Damages.

The rule that all moneys due by contract except due on penal bonds shall bear interest (Revisal, sec. 1954) applies whenever a recovery is had for breach of contract and the amount is ascertained from the terms of the contract itself or from evidence relative to the inquiry, and due by one party to the contract to another; and it does not obtain as a matter of law where the interest sought does not come within the provisions of the statute and is by way of unliquidated damages, and there has been no adequate default on the part of the debtor in reference to withholding the principal sum, or a part of it.

2. Same — Statutory Liens — Material Men — Trusts and Trustees — "Ready, Able, and Willing" — Payment Into Court — Tender.

The relationship of the owner of a building to material men, etc., claiming a balance due to his contractor after receiving from them notice of their liens, is not that of debtor and creditor, in the ordinary sense, for he holds such balance in the nature of a trust to their use; and where the material men, etc., have entered suit in the nature of a creditor's bill to recover, pro rata, the funds so held, the owner is not chargeable with interest on the claims or held to the duty of paying the funds into court pending the action, unless so ordered, in order to avoid the payment of the interest; and the amounts of the respective claims necessarily being uncertain, it is sufficient that he has always been ready, able, and willing to pay them upon their being finally passed upon and adjudicated.

3. Costs — Court's Discretion — Interpretation of Statutes — Trusts and Trustees.

It is within the discretion of the trial court to tax the costs accruing upon either of the parties litigant, in an action in the nature of a creditor's bill, brought by material men, claiming under the statutory lien, the unpaid balance due by the owner

of a dwelling, etc., to his contractor for its erection (Rev., sec. 1267) ; and the action of the judge in taxing the trust funds in the owner's hands with the cost is commended in this suit.

APPEAL by plaintiffs from *Lane, J.,* at March Term, 1914, of GUILFORD.

Civil action heard on exceptions to report of referee.

The action was one in the nature of a creditor's bill, instituted to April Term, 1912, Superior Court of Guilford County, by A. Y. Bond, The Odell Hardware Company, *et al.,* subcontractors and material men, in behalf of themselves and all others in like case, to establish a lien and subject to payment of their claims the amount due the contractor for a house built for defendant The Pickett Cotton Mills.

It appeared that the Central Carolina Construction Company had built for The Pickett Cotton Mills, on the latter's property, a cotton mills building, and that a balance of the contract price was due thereon. The principal contractor having become insolvent and adjudicated bankrupt, the present action in the nature of a creditor's bill was instituted, with approval of the bankrupt authorities, to determine the amount and status of the claims of certain subcontractors and material men who sought to establish liens and subject to payment of these claims the balance due the contractor.

Some of the claims being questioned, both as to the amount and right of lien, at August Term, 1913, the cause was referred to Mr. A. W. Cook to hear evidence and make report thereon.

On 17 September, 1913, on application by the referee, an order was entered permitting parties plaintiff to file amended complaints, and many or all of them did so, demanding payment of the entire amount of their claims from The Pickett Cotton Mills, under and by virtue of a public-local statute which purported to impose upon the owner the duty of looking after the interest and securing the claims of subcontractors and material men. Chapter 761, Public-Local Laws, Session 1911, a statute recently held void by the Supreme Court by reason of contradictory provisions therein which rendered the same inoperative.

In the full, careful, and intelligent report of the referee, filed to January Term, 1914, the amount of plaintiffs' claims is established, aggregating over $8,500, and the same are declared to be valid liens against the realty in question, entitling them to share pro rata in the balance due the contractor.

This balance is fixed at $6,941.06, with interest thereon from 31 November, 1911, this being the date when the sum would have been due and payable by the terms of the contract. In reference to the debt, the referee finds, among other things: "That The Pickett Cotton Mills has at all times been ready and willing to pay over to respective claimants the amount it holds in its hands as a balance due the contractor, but has never actually made a legal tender thereof."

On the hearing, the court sustained an exception to the conclusion of law charging defendant company with interest, and gave judgment that the principal sum be distributed pro rata after deducting costs, etc.

Plaintiff creditors having excepted to the judgment denying their right to recover interests and deducting costs from the principal sum before distribution, appealed.

*F. P. Hobgood, Jr., and T. C. Hoyle for plaintiffs.*
*W. P. Bynum and Roberson & Bernhardt for defendant.*

HOKE, J., after stating the case: The decisions of this State recognize the position, and some of the distinctions growing out of it, that interest may be a charge for the use of money expressly stipulated for by the contract, or it may be imposed by way of damages for its wrongful detention. *King v. Philips,* 95 N. C., 245.

When considered in the nature of damages, and unless otherwise provided by statute, it is very generally held that there must be some kind of default established on the part of a debtor before interest can be collected. Thus, in case of agency and except in case of fraudulent conversion, etc.; the liability will not arise until demand made. *Porter v. Grimsley,* 98 N. C., 550; *Neal v. Freeman,* 85 N. C., 441. And in case of unliquidated demands generally, interest is not allowed except when

collectible by the usage of trade or by reason of vexatious or unreasonable resistance or delay in regard to the principal sum.

This last position, and some of our former decisions applying it, have been very much modified with us by a statute in the Revisal of 1905, sec. 1954, to the effect, "That all sums of money due by contract of any kind whatsoever, except money due on penal bonds, shall bear interest," etc. From this it would seem to follow in this State that whenever a recovery is had for breach of contract and the amount is ascertained from the terms of the contract itself or from evidence relevant to the inquiry, that interest should be added (*Kester v. Miller Bros.,* 119 N. C., 475); a requirement that does not seem to have been sufficiently recognized on that point in *Lewis v. Rountree,* 79 N. C., 122.

In cases, however, not coming within this statutory provision, the principle, as stated, prevails here and elsewhere, that interest by way of damages is not allowed as a conclusion of law unless there has been some adequate default on the part of a debtor in reference to withholding the principal sum or part of it. *Smith v. Smith,* 101 N. C., 461; *United States v. Denver,* 106 U. S., 536; *Thornedyke v. Wells Memorial Association,* 146 Mass., 699; *Ledyard v. Ball,* 119 N. Y., pp. 62-74; *Shipman v. The State of Wisconsin,* 458; 22 Cyc., 1496.

In the present case the contract contains no express stipulation for the payment of interest. The amount involved is not a debt due from the defendant company, in the ordinary sense, bringing plaintiffs' claims within the meaning of the statutory provision as to interest. On the contrary, it is considered as a trust fund, to be distributed, under the statute, among the creditors who shall make the proper proof as to the amount and status of their claims. It has been so decided in *Manufacturing Co. v. Anderson,* 165 N. C., 285, in which the position is made the basis or reason for upholding a pro rata distribution instead of one by priorities according to the date of the respective claims. Until ascertained and declared by the referee, the number and amount of the claims entitled to share in the distribution could not be known, and, after amendments allowed and

made under the public-local law referred to, and until same was declared invalid by decision of this Court, the amount to be paid by defendant was necessarily uncertain. The defendant company, therefore, was not in a position to make a valid tender to any of the claimants, and, on the facts in evidence, unless ordered to do so, it should not be penalized for not paying the money into court. In addition, it is found by the referee, as stated, "That The Pickett Cotton Mills, Incorporated, has at all times been ready and willing to pay over to respective claimants the *amount it holds* in its hands as a balance due the contractor, but has never actually made a legal tender thereof." From these considerations, we concur with his Honor's view, that no default is attributable to defendant company, and that, on the facts presented by the record, it is not properly chargeable with interest.

On the ruling as to costs, the question, under our decisions and in actions of this character, is referred to the discretion of the court (Revisal, sec. 1267), and we concur, also, in his Honor's view, that the costs in this case should be paid out of the fund held for distribution. *Partin v. Boyd,* 104 N. C., 422; *Smith v. Smith, supra; Gully v. Macy,* 89 N. C., 1343.

There is no error, and the judgment of the lower court is Affirmed.