INDEPENDENCE TRUST COMPANY AND UNION NATIONAL BANK v. PORTER & BOYD, INC., MASSACHUSETTS BONDING & INSURANCE COMPANY AND THE NORTH CAROLINA STATE HIGHWAY COMMISSION.

(Filed 9 December, 1925.)

**1. Government—Highways—State Highway Commission.**

The State Highway Commission is a governmental agency of the State, while acting within the powers and duties prescribed in the act creating it.

TRUST CO. *v.* HIGHWAY COMMISSION.

**2. Same—Venue—Statutes.**

    An action against the State Highway Commission and a surety on the contractor's bond given for payment of laborers, etc., upon a State highway construction, prior to 10 March, 1925, is properly brought in the county within this State in which the plaintiff resides, and may not be removed as a matter of right therefrom to the court of the county in which the work was done. C. S., 2445, not applying in such cases.

**3. Same—Prospective Statutes.**

    An action against the State Highway Commission and surety on contractor's bond given for the benefit of those performing labor or work upon a State highway since 10 March, 1925, is governed as to venue by ch. 260, Public Laws of 1925, which is prospective in effect.

APPEAL by defendant, Massachusetts Bonding & Insurance Company, from order of *Lane, J.,* March Term, 1925, MECKLENBURG. Affirmed.

Action on bond executed 22 July, 1922, by Porter & Boyd, Inc., as principal, and Massachusetts Bonding & Insurance Company, as surety, payable to the North Carolina State Highway Commission, said bond having been required by said Highway Commission of Porter & Boyd, Inc., as contractors for the construction of a highway located in Person County, North Carolina. Summons was issued in this action on 17 February, 1925. In their complaint, plaintiffs allege two causes of action, upon each of which they demand judgment on the bond against the defendant, Porter & Boyd, Inc., as principal, and Massachusetts Bonding & Insurance Company, as surety. On 6 March, 1925, defendant, Massachusetts Bonding & Insurance Company, moved before the clerk for an order removing the action from Mecklenburg to Person County for trial.

"For that it appears upon the face of the complaint that the contract out of which this suit arises was for work done and performed in the county of Person, State of North Carolina, and that under the terms and provisions of C. S., 2445, and amendments thereto, a surety must be sued on the bond given thereunder in the county where the work is done."

On 10 March, 1925, the said clerk denied said motion. Defendant having appealed therefrom to the judge presiding at the March Term, 1925, of said court, the said order was affirmed. From the order of the judge, defendant appealed to the Supreme Court.

*Parker, Stewart, McRae & Bobbitt for plaintiffs.*
*J. F. Flowers for defendant.*

    CONNOR, J. Defendant, Massachusetts Bonding & Insurance Company, contends that Person County is the proper venue for the trial of this action, under C. S., 2445 and amendments thereto. The highway

constructed by Porter & Boyd, Inc., under contract with the North Carolina State Highway Commission is located in said county. The bond sued on was given to secure the performance by the principal of the contract to construct this highway. The contention, however, cannot be sustained. C. S., 2445, does not apply to an action on a bond given by a contractor to the State Highway Commission.

By virtue of chapter 260, Public Laws 1925, amending chapter 2, Public Laws 1921, an action on a bond given to the State Highway Commission by a contractor, since 10 September, 1925, must be brought in the county in which the highway is located, and only one action can be brought on such bond. This act was ratified 10 March, 1925, and has been in force and effect since 10 September, 1925, the date on which it became effective. Prior to said date, the venue for the trial of an action on a bond, given to the State Highway Commission by a contractor, was determined by C. S., ch. 12, Art. 7.

The order is

Affirmed.

APPEAL by defendant, Massachusetts Bonding & Insurance Company from order of *Lane J.*, March Term, 1925, MECKLENBURG. Affirmed.

Action on bond executed 16 January, 1922, by Porter & Boyd, Inc., as principal, and Massachusetts Bonding & Insurance Company, as surety, payable to the North Carolina State Highway Commission, and conditioned, among other things, that the principal "shall well and truly pay all and every person furnishing material or performing labor in and about the construction of a highway" which said principal had contracted with said State Highway Commission to construct in Mitchell County, N. C. Summons was issued on 17 February, 1925, returnable before the clerk of the Superior Court of Mecklenburg County. Plaintiffs allege in their complaint that they had advanced to Porter & Boyd, Inc., the sum of $14,422.30, for the payment of pay-rolls for laborers engaged in work on said highway in Mitchell County and that said pay-rolls had been duly assigned to them by the said laborers. They demand judgment that they recover of the principal and surety on said bond, the sum advanced, with interest and costs.

On 6 March, 1925, defendant, Massachusetts Bonding & Insurance Company, moved before the clerk for an order removing the action from Mecklenburg to Mitchell County for trial.

"1. For that it appears upon the face of the complaint that the contract out of which this action arises was for work done and performed in Mitchell County, North Carolina, and that under the terms and provisions of C. S., 2445 and amendments thereto, the surety must be sued on the bond given thereunder in the county where the work was performed.

"2. For that there is now pending in the Superior Court of Mitchell County an action pending entitled as follows: 'Jefferson Distributing Company, a corporation, in behalf of itself and all other creditors of Porter & Boyd, Inc., having a right to make themselves plaintiffs under the provisions of chapter 100, Public Laws 1923, of the State of North Carolina, v. Porter & Boyd, Inc., and Massachusetts Bonding & Insurance Company'; and that C. S., 2445, and amendments thereto, provide that only one action can be brought upon a bond such as the bond sued on in this case."

It was admitted by counsel, for the purposes of this motion, that an action entitled as above has been commenced and is now pending in the Superior Court of Mitchell County, and that said action is for the purpose of recovering upon the same bond as that upon which this action is brought.

The motion for removal was denied by the clerk; upon appeal from his order, to the judge presiding at the March Term, 1925, of said court, the order of the clerk was affirmed and the motion for removal was denied. From the order of the judge, defendant, Massachusetts Bonding & Insurance Company, appealed to the Supreme Court.

*Parker, Stewart, McRae & Bobbitt, for plaintiffs.*
*J. F. Flowers for defendant.*

CONNOR, J. C. S., 2445, as amended by chapter 100 of the Public Laws of 1923, providing that only one action shall be brought on bonds required by said statute, and that such action shall be brought in the county in which the building, road or street is located and not elsewhere, does not apply to a bond given by a contractor to the State Highway Commission. This statute applied only to bonds given to a county, city, town or other municipal corporation, as required therein. The State Highway Commission is not a municipal corporation, but is an agency of the State, created for the purpose of exercising administrative and governmental functions. *Carpenter v. R. R.,* 184 N. C., 400.

Plaintiffs are residents of this State, with their principal places of business in Mecklenburg County; defendant, Massachusetts Bonding & Insurance Company, is a nonresident of the State. Mecklenburg County is the proper venue for the trial of this action, and there was no error in declining to allow the motion for removal of the action to Mitchell County. C. S., 467 and 469. Chapter 260, Public Laws 1925, ratified on 10 March, 1925, and in force and effect since said date, does not apply to this action, which was commenced on 17 February, 1925, to recover upon a bond given by a contractor to the State Highway Commission on 16 January, 1922. An action on a bond given to the State

Highway Commission, commenced since 10 September, 1925, must be brought in one of the counties in which the work and labor was done and performed, and not elsewhere; only one action may now be brought on such bond. Reference is made to said chapter 260, Public Laws 1925, for the procedure in such action. This statute amends, not C. S., 2445, but chapter 2, Public Laws of 1921, which is the State Highway Act. It does not apply to actions commenced prior to 10 September, 1925.

There is no error and the order is

Affirmed.