STATE AND GLOSSIE BRILEY v. WILLIE CARNEGIE.

(Filed 30 March, 1927.)

**Bastardy—Principal and Surety—Appearance Bond—Appeal and Error.**

> The surety on the appearance bond of the defendant in bastardy proceedings appealed from a justice of the peace to the county court and there remanded for want of jurisdiction, may insist upon the exact terms of his bond; and where the defendant has been legally convicted and has served his term as the law provides on failing to pay the allowance made to the prosecutrix, costs, etc., the provisions in the appearance bond as to the surety's liability has been discharged. C. S., 267, 270; 3 C. S., 273.

APPEAL by defendant and surety, M. G. Duke, from *Sinclair, J.,* at October Term, 1926, of PITT. Reversed.

The controversy is succinctly stated in the State's brief, as follows:

"Proceedings in bastardy were taken out by Glossie Briley before Justice of the Peace John I. Smith. On the trial the justice of the peace found that the defendant Carnegie was the father of the child, and required him to pay Glossie Briley $100 and the costs of the action. The defendant appealed, and the papers were sent to the county court of Pitt County. On the matter being called to the attention of the judge of the county court, he, realizing that the appeal was improperly taken in his court, remanded the cause to John I. Smith, the justice of the peace who tried it, this on the ground that the statute creating said court, section 12, subsection (a), of chapter 681, Public-Local Laws of

STATE *v.* CARNEGIE.

1915, gave this court concurrent jurisdiction with the justice of the peace in all civil matters, actions, and proceedings 'which are now or may hereafter be given to justices of the peace of Pitt County.'

"It is manifest from this that in such civil actions there was no right of appeal to the county court, but the appeal must be taken directly to the Superior Court. When the cause came up for hearing again before John I. Smith, justice of the peace, Carnegie withdrew the appeal, and he was committed to jail until allowance and cost in the cause were paid. Motion was then made by the plaintiff for judgment on the original bond, given at the time that the appeal was taken to the county court. This motion was denied by the justice of the peace, and the plaintiff appealed to the Superior Court. In the Superior Court his Honor, Judge Sinclair, reversed the ruling of the justice of the peace, and entered up judgment against the surety of Carnegie, M. G. Duke. This bond is in the usual form of such bond provided in Simms' Manual of Law and Forms, p. 551 of 1924 edition. His Honor places his judgment upon the terms used in the bond: 'And abide by and perform the order of the court.' The contention of the defendant was that he did abide by and perform the order of the county court, which remanded the case to the justice of the peace, and he did appear before the justice of the peace; consequently, all the conditions of this recognizance on this appeal in bastardy has been conformed to."

The material part of the bond given is as follows:

"We, M. G. Duke and Willie Carnegie, of said county, acknowledge ourselves bound to the State of North Carolina in the sum of one hundred and twenty-five dollars. The condition of this obligation is such that if the said Willie Carnegie *shall personally appear at the next term of county court to be held in and for the county of Pitt, on the second Monday in March next, and to abide by and perform the order of the court, then and there to answer a charge preferred against Willie Carnegie for bastardy,* then this obligation to be null and void; otherwise, to remain in full force and effect. M. G. Duke (Seal), Willie Carnegie (Seal)."

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Julius Brown for Glossie Briley.*

*J. C. Lanier for M. G. Duke, bondsman.*

CLARKSON, J. The State's brief says, "Upon this statement of facts, we submit the case to the Court."

"Bastardy proceedings are civil and not criminal in their nature, and are intended merely for the enforcement of a police regulation." *Richardson v. Egerton,* 186 N. C., p. 291.

STATE *v.* CARNEGIE.

3 C. S., 273, is as follows: "When the issue of paternity is found against the putative father, or when he admits the paternity, the judge or justice shall make an allowance to the woman not exceeding the sum of two hundred dollars, to be paid in such installments as the judge or justice shall see fit, and he shall give bond to indemnify the county as prescribed by law; and in default of such payment he shall be committed to prison."

C. S., 270, is as follows: "When an appeal is taken, the justice shall recognize the person accused of being the father of the child with sufficient surety for his appearance at the next term of the Superior Court for the county, and to abide by and perform the order of the court. The justice shall also recognize the woman and other witnesses to appear at the Superior Court, and shall return to the court the original papers in the proceeding and a transcript of his proceedings as required in other cases of appeal. If the putative father fails to appear, unless for good cause shown, the judge shall direct the issue of paternity to be tried. If the issue is found against the person accused, he shall order a capias or attachment to be issued for the father, and may also enter up judgment against the father and his surety on his recognizance."

North Carolina Manual of Law and Forms (Simms, 8th ed., 1924), No. 155, is a form of bond with surety payable to State to maintain the child and indemnify county. C. S., 267. No. 156 is a form of a bond with surety for maintenance or allowance to mother or child, not exceeding $200. C. S., 273, *supra*. No. 157 is a form of bond with surety payable to State on appeal in bastardy, and is practically the same language as used in the bond in the present case, "and to abide by and perform the order of the court," etc. C. S., 270, *supra*.

In the present case, Willie Carnegie appeared at the county court, and complied with the bond in accordance with its exact terms. The case was remanded to the justice of the peace, and he appeared there, and was committed to jail until allowance and cost was paid. The bond, in accordance with its precise terms, has been fully complied with. Willie Carnegie was committed to jail, paying the price for his wrongful conduct.

In *Ins. Co. v. Durham,* 190 N. C., p. 61, this Court, speaking to the question, and citing a wealth of authorities, said: "The contract, as written, and not otherwise, fixes the rights and determines the liability of the surety. Sureties have a right to stand on the terms of their contract, and, having consented to be bound to the extent expressed therein, their liability must be found therein and strictly construed."

For the reasons given, the judgment of the court below is
Reversed.