JOHN L. ROPER LUMBER COMPANY AND NORTHEAST RIVER LUMBER COMPANY v. LOUIS LAWSON AND J. V. BROOKE, PARTNERS, TRADING AS LAWSON & BROOKE, AND THE UNITED STATES FIDELITY AND GUARANTY COMPANY.

(Filed 23 June, 1928.)

1. **Highways — State Highway Commission — Bonds for Performance of Contract of Construction—Laborers and Material Men.**

   The surety bond given to the State Highway Commission by a contractor for the construction of a highway under the provisions of our statute, Public Laws of 1925, ch. 200, contemplates the protection of laborers and materialmen who have no statutory lien. Const. of North Carolina, Art. X, sec. 4; Art. XIV, sec. 4.

2. **Same—Liability of Surety.**

   In determining the liability of the surety on a contractor's bond for the building of a State highway, the contract and the bond of indemnity will be construed together strictly in favor of the surety.

3. **Same—Surety Not Liable for Damages Caused by Negligent Injury to Land of Third Party.**

   The surety on a bond given by the contractor for the building of a State highway is not liable for damages caused to the lands of owners upon the route thereof by fires negligently set out by the contractor, or his employees, unless such liability has been clearly assumed under the contract and the bond of indemnity given therefor.

**4. Same.**

> A clause in an indemnity bond against liability in the construction of a State highway, and protecting the laborers and material furnishers therein, to the effect that the contractor "also shall save and keep harmless the State Highway Commission all loss from any cause whatsoever," is for the protection of the Highway Commission, and does not include in the surety's liability a negligent loss by fire to an owner of lands along the route of the highway while being constructed.

**5. Same—Statutes—Construction of Statutes.**

> Our statute of 1925 (ch. 260, sec. 3) providing a method for the enforcement of a lien of laborers and materialmen, etc., providing action may not be brought by any laborer, materialman or other person until after the completion of the highway contracted for, the term "or other person" applies to others of the class just enumerated, and the principle of *ejusdem generis* applies, and excludes torts committed by the contractor or its employees in negligently setting fire to lands along the route of the project, the subject of the contract.

STACY, C. J., not sitting.

APPEAL by defendant, United States Fidelity and Guaranty Company, from *Midyette, J.,* at November Term, 1927, of CAMDEN. Reversed.

This is an appeal from a judgment overruling demurrers filed by the defendant, appellant, United States Fidelity and Guaranty Company, the surety upon a bond given by Lawson & Brooke, as principals, for the faithful performance of a contract with the State Highway Commission for the construction of State Highway Project No. 112, in Camden County, North Carolina, known as the George Washington Highway. The plaintiffs allege damage to their lands, and other property, from a fire alleged to have been negligently set out by the contractors, Lawson & Brooke. Each of the several plaintiffs filed separate complaints, and the appellant filed separate demurrers thereto. Only one complaint, and one demurrer, each typical of all, are set forth in the transcript on appeal. All demurrers are directed to an alleged failure of the complaints to state facts sufficient to constitute a cause of action against the surety on the bond. All plaintiffs joined in one action in accord with acts 1925, chapter 260; Michie Cumulative Statutes, sec. 3846(v), having given the notice required by acts 1923, chapter 100; and having otherwise complied with the statutes applicable to the matter.

The complaints allege that the defendants, Lawson & Brooke, entered into a contract with the State Highway Commission for the construction of a State Highway in Camden County, in accordance with certain plans and specifications and certain obligations therein mentioned. That Lawson & Brooke gave a bond with the United States Fidelity and Guaranty Company, as surety, conditioned upon their faithful compliance with the terms of the contract and the conditions

thereof, and of all their obligations thereunder, including those set out in the plans and specifications. That, among other things, these provided that the contractors should be held responsible for all damage done to private property growing out of their operations, should use every necessary precaution to prevent injury thereto, should be responsible for all damage to private property resulting from neglect, misconduct or omission, and that when any direct or indirect damage should be done they should restore same or make good such damage or injury in an acceptable manner.

It is alleged by plaintiffs that in August, 1926, while engaged in the prosecution of the work contemplated by the contract, and as a part and in furtherance of their operations they carelessly set out a fire in brush previously piled by them along the highway, or in growth near the highway, or negligently permitted such fire to be set out by others, leaving same unwatched and untended with the result that it spread to and burned the land, timber and other property of plaintiffs. The amended complaints also allege that these acts and omissions were in violation of the terms and stipulations of said contract.

The other necessary facts will be set forth in the opinion.

*C. M. Bain, Savage & Lawrence, W. L. Devaney, Jr., Walcott, Walcott & Landford, McMullan & LeRoy and Thompson & Wilson for plaintiffs.*

*Connor & Hill, Walter L. Small and R. Clarence Dozier for defendants.*

CLARKSON, J. Defendants, Lawson & Brooke, a partnership, on or about 12 May, 1926, made a contract with the State Highway Commission to construct or improve a certain section of the State highway system project No. 112, between South Mills, N. C., and the Virginia State line, in Camden County, 7.67 miles long, in accordance with certain proposals, plans and specifications, at a cost approximately estimated at $234,230.00. For the faithful performance of the contract, and to pay materialmen and laborers, for which the contractors were liable, the defendant, United States Fidelity and Guaranty Company, entered into a bond with the State Highway Commission in the penal sum of $117,115.00. In carrying out the contract it is alleged that Lawson & Brooke were guilty of actionable negligence in burning over a large portion of plaintiff's land, some 854 acres. Lawson & Brooke have completed the work contracted to be done. A statement of plaintiff's claims has been filed in accordance with the statutes. Is the bond liable for the *tort?* We think not.

The material part of the bond in controversy for the determination of the case, is as follows: "Now, therefore, the conditions of this obligation

are such, that if the above bonded 'principal' as contractor, shall in all respects comply with the terms of the contract and conditions of said contract, and his, their and its obligations thereunder, including the specifications and plans therein referred to and made a part thereof, and such alterations as may be made in said specifications and plans as therein provided for, and shall well and truly, and in a manner satisfactory to the State Highway Engineer, complete the work contracted for, and shall save harmless the State Highway Commission of North Carolina from any expense incurred through the failure of said contractor to complete the work as specified, and from any damage growing out of the carelessness of said contractor, or his, their or its servant, and from any liability for payment of wages or salaries due or for material furnished said contractor, *and shall well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway all and every sum or sums of money due him, them or any of them, for all such labor and materials for which the contractor is liable,* and also shall save and keep harmless the said State Highway Commission of North Carolina against and from all losses to it from any cause whatever, including patent, trade mark and copyright infringements in the manner of constructing said project, then this obligation shall be void, or otherwise to be and remain in full force and virtue." Ordinarily a penal bond must be strictly construed and sureties have a right to stand on the terms of their contract. *Edgerton v. Taylor,* 184 N. C., 571; *Insurance Co. v. Durham County,* 190 N. C., at p. 61; *S. v. Carnegie,* 193 N. C., 467; *Ingram v. Bank, ante,* 357.

In recognition of the fact that those furnishing labor and material ordinarily can take no lien on public property, in their behalf a more liberal construction has prevailed. See United States Code, Annotated, Title 40, p. 95, and cases cited.

In *Brick Co. v. Gentry,* 191 N. C., at p. 639, it is said: "The obligation of the bond is to be read in the light of the contract it is given to secure, and ordinarily the extent of the engagement, entered into by the surety, is to be measured by the terms of the principal's agreement. *Brown v. Markland,* 22 Ind., App., p. 655; *Dixon v. Horne,* 180 N. C., 585; *Scheflow v. Pierce,* 176 N. C., 91."

We are not dealing with C. S., 2445, relating to bonds required to be given by any contractor with surety to any county, city, town or other municipal corporation, for the building, repairing, or altering any building, public road or street. See *Supply Co. v. Plumbing Co., ante,* 629.

We are not discussing the liability of the contractors, Lawson & Brooke, *but the liability on the present bond* to plaintiffs. The bond is not as clear as it could be written, but, under well settled law, its provisions should not be extended beyond the reasonable intent gathered

from the purpose and language of the bond, and construed in connection with the proposals, plans and specifications and contract. It has been the policy of long standing in this jurisdiction, that liens are given to mechanics, laborers and materialmen. Even the homestead exemption cannot be claimed against mechanics' and laborers' liens. Art. 10, sec. 4, is as follows: "The provisions of sections one and two of this article shall not be construed as to prevent a laborer's lien for work done and performed for the person claiming such exemption, or a mechanic's lien for work done on the premises." Art. 14, sec. 4, is as follows: "The General Assembly shall provide, by proper legislation, for giving to mechanics and laborers an adequate lien on the subject-matter of their labor."

C. S., chap. 49, makes ample provision for "mechanics', laborers' and materialmen's liens." Ordinarily on public works, a lien statute did not apply, bonds were taken. The bond was intended to provide an equivalent or substitute for the legislation for the protection of laborers and materialmen. *Mfg. Co. v. Blaylock,* 192 N. C., 407; U. S. Code, Anno., *supra.* Usually, the contractor's bond was given guaranteeing the performance of the work on the part of the contractor, as in *McCausland v. Construction Co.,* 172 N. C., 708, and cases cited, and *Warner v. Halyburton,* 187 N. C., 414.

In *Gastonia v. Engineering Co.,* 131 N. C., at p. 365, it is said: "Though no mechanic's lien could be filed against the property, in the hands of the town, it was competent for the parties to contract, and they did contract that the engineering company should pay for 'all materials used and wages of all laborers employed by said contractor,' and the surety company became responsible for the execution of that stipulation." . . . (p. 367) "It would be well if every municipality which has public works executed should insert a similar provision in its contract for the protection of labor and materialmen, who are usually its own citizens. Indeed, in this contract it is further provided that all labor employed shall be 'home labor,' except as to such skilled labor as could not be found there, thus showing throughout that the labor and materialmen are beneficiaries in contemplation of the contracting parties."

In *Supply Co. v. Plumbing Co., supra,* at p. 635, it is said: "The General Assembly of 1923, chap. 100, Public Laws, *supra,* amended C. S., 2445, as we construe the matter, to meet the decisions in the above cases, so as to protect the laborers and materialmen, where the bond does not make provisions to pay them."

C. S., 2445, does not apply to the State Highway Commission. Carrying out the well known policy of the State, the State Highway Commission has had the bonds so drawn as to protect those who furnish mate-

LUMBER CO. *v.* LAWSON.

rial and perform labor in and about the construction of the roadway. *Trust Co. v. Highway Commission,* 190 N. C., 680.

In *Brick Co. v. Gentry, supra,* it is said: "The principle is well established by many authoritative decisions, here and elsewhere, that in determining the surety's liability to third persons on a bond given for their benefit and to secure the faithful performance of a building contract as it relates to them, the contract and bond are to be construed together. *Mfg. Co. v. Andrews,* 165 N. C., 285. In application of this principle, recoveries on the part of such third persons, usually laborers and materialmen, though not expressly named therein, are generally sustained where it appears, by express stipulation, that the contractor has agreed to pay the claims of such third persons, or where by fair and reasonable intendment their rights and interests were being provided for and were in the contemplation of the parties at the time of the execution of the bond. *Lumber Co. v. Johnson,* 177 N. C., 44; *Supply Co. v. Lumber Co.,* 160 N. C., 428; *Gastonia v. Engineering Co.,* 131 N. C., 363; *Morton v. Water Co.,* 168 N. C., 582; *Gorrell v. Water Supply Co.,* 124 N. C., 328." *Dixon v. Horne,* 180 N. C., 586; *Bank v. Assurance Co.,* 188 N. C., 747; *Town of Cornelius v. Lampton,* 189 N. C., 714; *Aderholt v. Condon,* 189 N. C., 748; *Plyler v. Elliott,* 191 N. C., 54; *Standard Sand and Gravel Co. v. Casualty Co.,* 191 N. C., 313; *Electric Co. v. Deposit Co.,* 191 N. C., 653; *Moore v. Material Co.,* 192 N. C., 418; *Wiseman v. Lacy,* 193 N. C., 751; *Glass Co. v. Fidelity Co.,* 193 N. C., 769.

Plaintiffs are contending that the bond is liable for the tort. We cannot so interpret the language of the bond, construed with the proposals, plans, specifications and contract. We think, after a careful examination of the proposals, plans, specifications, contract and bond, as disclosed by the record, that the bond was executed for a dual purpose. The covenant is two-fold:

(1) That the contractors, Lawson & Brooke (a) "shall well and truly, and in a manner satisfactory to the State Highway Engineer, complete the work contracted for and shall save harmless the State Highway Commission of North Carolina from any expense incurred through the failure of said contractor to complete the works as specified; (b) and from any damage growing out of the carelessness of said contractor and his, their, or its servants; (c) and from any liability for payment of wages or salaries due or for material furnished said contractor." This part is a contract of indemnity to the State Highway Commission of North Carolina, guaranteeing the performance of the work on the part of the contractor. *McCausland case, supra.* (2) (a) "And shall *well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway, all and every sum*

*of money due him, them or any of them, for all such labor or material for which the contractor is liable."* This is a direct obligation to pay all and every person the sums due them for the material and labor for which the contractor is liable. This is the extent of the surety liability to third persons on the bond given for their benefit; and it is well settled, as heretofore shown by numerous authorities, that recoveries by such third persons are permissible. (b) "And also shall save and keep harmless the said State Highway Commission of North Carolina against and from all losses *to it* from any cause whatever, including patent, trade-mark and copyright infringement in the manner of constructing said project." This part of the contract is also one of indemnity to the State Highway Commission.

In a bond similar to the present one we are construing, it is said in *Trust Co. v. Porter,* 191 N. C., at p. 674: "Here, the bond in suit was intended to perform a double purpose: 1. To insure the faithful performance of all obligations assumed by the contractor towards the State Highway Commission. 2. To protect third persons furnishing materials or performing labor in and about the construction of said roadway. *Plyler v. Elliott, ante,* 54; *Town of Cornelius v. Lampton,* 189 N. C., 714. In its second aspect, the bond contains an agreement between the obligors and such third persons that they shall be paid for whatever labor or materials they furnished or supply to enable the principal in the bond to carry out its contract with the State Highway Commission. *United States v. National Surety Co.,* 92 Fed., 549."

Public Laws 1925, ch. 260, sec. 3, in part, is as follows: "No action shall be brought upon any bond given by any contractor of the Highway Commission, by any *laborer, materialman,* or *other person* until and after the completion of the work contracted to be done by the said contractor. Any *laborer, materialman or other person* having a claim against the said contractor and the bond given by such contractor, shall file a statement of the said claim with the contractor and with the surety upon his bond," etc.

Plaintiffs contend that "This statute provides the method of enforcing claims against the bond given by the contractor. It not only refers to actions by laborers or materialmen, but specifically uses the words 'other person.' These words 'other person' when used with the words laborer or materialmen are broad enough to take in any person having a claim against the contractors."

We think the principle of *ejusdem generis* applies. "The statutory construction the '*ejusdem generis* rule' is that where the general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of

the same general kind or class as those specifically mentioned. Black, Interp. Laws, 141; *Cutshaw v. Denver,* 19 Colo. App., 341, 75 Pac., 22; *Ex parte Leland,* 1 Nott. & McC. (S. C.), 462; *Spalding v. People,* 172 Ill., 40, 49 N. E., 993." Black's Law Dic. (2 ed.), p. 415; *Bell v. Amer. Insurance Co.* (Wis.), 181 N. W., 733, 14 A. L. R., p. 179.

"Other person" may include *mechanic* used in the Constitution, in reference to giving a lien. The Constitution uses the words *mechanics* and *laborers.* It would make a penal bond like the present too elastic to say that *other person* is broad enough to take in any person having a claim against the contractor.

As stated in *Insurance Co. v. Durham County, supra,* surety bonds are ordinarily strictly construed, but the rule allowing third persons, materialmen and laborers, to recover on bonds, like the present, has been liberally applied to public contracts, taking the place of statutory liens, but extending this under the wording of the bond and statute to a tort for burning over plaintiff's lands, as in the present action, would go beyond the language of the bond and statute. At least, under the facts and circumstances of this case, we cannot extend the *other person* as contended for by plaintiffs. We do not think the proposals, plans, specifications, contract and bond admit of such a construction. The terms of the bond, construed with the proposals, plans, specifications and contract, contain no provision imposing an obligation to pay plaintiff's claims, or conferring on plaintiffs any right of action on the bond. Unquestionably, it is the public policy of this State, as will be observed under the highway statutes of the State, to build improved roads. Certainly this was the primary object of the statute. In order to build highways it is necessary, of course, that laborers and materialmen be satisfied that their just claims will be paid. The bond with this provision gives a credit to a contractor. This is the primary object of the bond required by the State Highway Commission and, of course, indemnifying the State Highway Commission against loss. If tort claimants are permitted to share in the amount of the bond equally with claimants for labor and material, such claimants can never be certain they will be paid, because a great many tort claims for personal injuries and injury to property would materially reduce or amount to perhaps, in some instances, more than the penalty of the bond. If actions for a tort like the present or personal injuries are contemplated, this should be fully and clearly provided for by the surety bond in reasonably clear language. The remedy of plaintiffs is against the contractors. If the contractors are insolvent, it is plaintiff's misfortune.

For the reasons given, the judgment below is

Reversed.

STACY, C. J., not sitting.