HUNT MANUFACTURING COMPANY v. JOHN W. HUDSON, JR., AND THE NATIONAL SURETY COMPANY.

(Filed 1 April, 1931.)

1. **Principal and Surety B b—Where surety takes over construction and purchases directly from materialmen C. S., 2445, does not apply.**

   A surety company on a contractor's bond for the erection of municipal buildings in taking over for its own protection the completion thereof, and dealing directly with the materialmen upon its own credit changes its liability as a surety on the bond, and C. S., 2445, providing that a creditor's bill should be the remedy of material furnishers, etc., and that the action shall be brought in the county where the buildings were erected is not applicable.

2. **Same—In this case held: C. S., 2445, requiring action on surety bond to be brought in county of construction, is not applicable.**

> While the board of trustees of the East Carolina Teacher's College is made a body corporate, it is not a municipal corporation within the meaning of C. S., 2445, requiring that an action against the surety on the contractor's bond for public construction be brought in the county in which the buildings were erected.

APPEAL by defendant, National Surety Company, from *Stack, J.*, at October Term, 1930, of GRANVILLE.

Civil action to recover for materials furnished by plaintiff and used by the defendants in the construction of a number of school buildings.

Plaintiff, a corporation with its principal place of business at Oxford, N. C., brings this action in Granville County, and alleges that in 1929, John W. Hudson, Jr., a resident of Edgecombe County, held two building contracts, one with the "Board of Directors of the East Carolina Training School" for the erection of a building on the premises of said school in Pitt County, N. C., and the other with the school authorities of Worcester County, Maryland, for the erection of a number of buildings at different places in said county; and that the National Surety Company became surety on the bonds given to guarantee the faithful performance of both contracts, including payment for labor, materials, etc.; that plaintiff furnished materials to the contractor for use under both contracts, and has not been paid therefor; that the National Surety Company, upon default of the contractor early in 1930, took over the work on both jobs, in order to minimize its loss, and continued to order materials from the plaintiff, agreeing specifically to pay for all materials already furnished and thereafter to be furnished by the plaintiff for use in completing said contracts.

The National Surety Company entered a special appearance and moved to dismiss the action for that under C. S., 2445, suit on defendant's bond is required to be brought in the county where the building is located.

From a judgment overruling the motion, the National Surety Company appeals.

*Parham & Lassiter and Hancock & Taylor for plaintiff.*
*S. Brown Shepherd for defendants.*

STACY, C. J. The National Surety Company takes the position that only one action, in the nature of a creditor's bill, can be brought to enforce the surety's liability on a contractor's bond, given to a municipal corporation in connection with public work under C. S., 2445, as amended, and that such action, as provided therein, must "be brought in

the county in which the building, road, or street is located, and not elsewhere." This is true, but the provisions of this statute would seem to be inapplicable to the present case.

In the first place, the plaintiff's cause of action is not limited to recovery on the contractor's bond. Another and independent agreement is set out and declared upon. In the second place, C. S., 2445, applies only to bonds given to municipal corporations, and while "The Board of Trustees of the East Carolina Teachers' College" is declared a body corporate by 3 C. S., 5863, such board, we apprehend, is not a municipal corporation within the purview of C. S., 2445. A similar holding was made with respect to the North Carolina State Highway Commission in *Trust Co. v. Highway Commission,* 190 N. C., 680, 130 S. E., 547.

The motion to dismiss the action was properly overruled.

Affirmed.