AMERICAN BRIDGE DIVISION UNITED STATES STEEL CORPORATION, PLAINTIFF (AND READY-MIXED CONCRETE OF DUNN, INC., ADDITIONAL PLAINTIFF BY WAY OF STATUTORY JOINDER AND INTERVENTION) v. E. P. BRINKLEY AND UNITED STATES CASUALTY COMPANY, DEFENDANTS.

(Filed 16 June, 1961.)

**1. Principal and Surety § 8—**

Public policy prohibits liens for labor or materials used or furnished on contracts for public construction, but such laborers and materialmen are given the substantial equivalent in the requirement of bonds from the contractors for such work, G.S. 44-14 and G.S. 136-28, and these statutes provide how the laborer or materialman may enforce his rights.

**2. Same—**

A laborer or materialman for public construction must file a statement of his claim with the contractor and the surety within six months from the completion of the project, G.S. 136-28, and, if a creditor institutes suit on the bond, he must notify all other claimants by publishing a notice accurately informing them how they may proceed, G.S. 44-14, and such other claimants may intervene in such action at any time within six months of the institution of the action.

**3. Same—**

Where, in a creditor's action against the contractor and the surety on his bond to recover for labor and materials furnished and used in public construction, the notice of the pendency of the suit erroneously states the time limit for intervention by the other claimants, such notice does not meet the requirements of the statute, G.S. 44-14, and a claimant who has given notice of his claim to the contractor and the surety

within six months of the completion of the contract may not be precluded from intervening and joining in the recovery against the bond because of his failure to intervene within six months from the institution of the suit, the notice being defective.

APPEAL by Ready-Mixed Concrete of Dunn, Inc. from *Hobgood, J.,* September 26, 1960 Civil Term of JOHNSTON.

The facts determinative of this appeal were stipulated by the parties. Summarized they are:

Defendant Brinkley contracted with State Highway Commission for the construction of a road in Johnston County designated as Project 2337. Brinkley as principal and United States Casualty Company as surety executed a bond payable to Highway Commission in the sum of $689,510, conditioned that Brinkley would perform the work as contracted for and would "well and truly pay all and every person furnishing material or performing labor in and about the construction of said project all and every sum or sums of money due him, them, or any of them, for all such labor and materials for which the Contractor is liable."

The work contracted for was completed 13 August 1958. On 15 December 1958 plaintiff instituted this action to recover for materials furnished Brinkley for use in the construction of the road. A notice dated 19 December 1958, signed by plaintiff, was published in a newspaper in Johnston County in the issues of 19 and 26 December 1958 and 2 and 9 January 1959, notifying materialmen and laborers who furnished materials and performed services for Brinkley in connection with the construction of Project 2337 of the institution of this action to recover the amount owing plaintiff for materials used in the construction of the road. The concluding phrase of the notice reads: ". . . any and all materialmen and laborers who have furnished materials or labor on said project have six months from August 13, 1958, in which to intervene in this action for the recovery of any sum due for labor or materials by E. P. Brinkley and his surety, United States Casualty Company, in connection with Project 2337."

Upon the completion of the contract Brinkley was indebted to applicant, Ready-Mixed Concrete of Dunn, Inc., in the sum of $20,019.45. On 10 October 1958 appellant filed with Brinkley and defendant surety company a statement of its claim for the materials furnished Brinkley.

On 12 January 1959 a partial payment was made on the claim of appellant, leaving a balance due on that date of $17,299.23. Three others who furnished materials to Brinkley intervened herein for the purpose of asserting their claims under the provisions of the bond. These interventions were made 29 December 1958, 12 March 1959,

and 15 April 1960. Appellant sought to intervene and assert its claim on 24 July 1959.

Defendants, to defeat appellant's right to recover, pleaded its failure to file a complaint and intervene within six months from 15 December 1958, the date this action was begun.

The court, being of the opinion that the failure to intervene within six months from the institution of the action did not affect appellant's right to recover from Brinkley, entered judgment against him for the amount owing, but, being of the opinion that the failure to intervene within six months from the commencement of the action defeated any claim which appellant could have asserted against defendant surety by intervening within six months, adjudged that appellant take nothing as to it. Appellant excepted and appealed from that portion of the judgment denying it the right to proceed against the surety on the bond.

*Stanley Winborne, Vaughn S. Winborne, and Samuel Pretlow Winborne for appellant.*
*Smith, Leach, Anderson & Dorsett for appellee.*

RODMAN, J. Our Constitution contains a mandate directing the General Assembly to enact legislation to give mechanics and laborers a lien on the subject matter of their labor. N. C. Constitution, Art. XIV, sec. 4. Public policy prohibits the acquisition of liens for labor or materials used or furnished in the construction of a public edifice or way. *Noland Co. v. Trustees,* 190 N.C. 250, 129 S.E. 577, and cases there cited.

The General Assembly has, by the enactment of G.S. 44-14 and G.S. 136-28, given to laborers and materialmen engaged in public construction a substantial equivalent to the lien given laborers and materialmen engaged in private construction. The surety on the bond is, for practical purposes, the substitute for the lien. *Lumber Co. v. Lawson,* 195 N.C. 840, 143 S.E. 847; *Mfg. Co. v. Blaylock,* 192 N.C. 407, 135 S.E. 136. Just as the statutes fix the manner of enforcing liens against private construction, the statutes dealing with surety bonds given for public construction provide how the laborer or materialman may enforce his rights. A civil action may be brought on the bond in the county in which the contract was performed. This action is in effect a creditor's action to determine the rights of all claimants to a fund to be provided by the surety not to exceed the penal sum of the bond. *Manufacturing Co. v. Hudson,* 200 N.C. 541, 157 S.E. 799; *Bond v. Cotton Mills,* 166 N.C. 20, 81 S.E. 936.

When, as here, the bond is given to assure payment of labor and

material entering into the construction of a State highway, the institution of the action must await the completion of the contract, and a beneficiary of the bond provisions who would not be barred from benefiting thereby must file a statement of his claim with the contractor and the surety within six months from the completion of the contract. G.S. 136-28.

When a claimant-beneficiary under this statutory provision brings his action, the procedure to be followed to enforce payment of a sum not to exceed the penal sum of the bond and distribution of this sum among claimants is that prescribed by G.S. 44-14.

A creditor's action is appropriate to fix priorities and the portion to which each creditor is entitled with respect to a fund claimed by several. All claimants to the fund are proper parties and should be before the court so that it may determine priorities, the sum of valid claims, and the percentage each claimant is entitled to receive if the fund is insufficient to pay all in full. *Fisher v. Worth*, 45 N.C. 63; McIntosh, N. C. P. & P., 2d ed., § 2475.

To prevent unreasonable delay in directing distribution of the fund, the subject of a creditor's action, courts have and exercise the power to fix a time within which creditors must present their claims in order to participate in any distribution ordered. Notice of this time limitation should be given all who might be claimants. The usual manner of giving notice is by publication in a newspaper selected so as to probably inform claimants of the time fixed.

In actions on bonds of the character here involved, the Legislature imposed the duty on the plaintiff of notifying claimants "of the pendency of the suit, the name of the parties, with a brief recital of the purposes of the action . . ." That duty is performed by publishing a notice accurately informing claimants how they may protect their rights. The statute further provides: "All persons entitled to bring and prosecute an action on the bond shall have the right to intervene in said action, set up their respective claims, provided that such intervention shall be made within six months from the bringing of the action, and not later." The time limit so fixed was, in our opinion, not intended to diminish the fund available to claimant or to relieve the surety of the obligation which it had been paid to discharge. That obligation could, by the terms of the statute, be discharged by paying the amount of the bond into court. The time limitation was intended merely to permit prompt distribution of the sum owing by the surety.

Notwithstanding notice to a creditor in the manner described by a court order and partial distribution of the fund among creditors who have filed within the time fixed, courts have permitted creditors who have not so filed to intervene and assert their claims against any

surplus. The language of Lord Eldon, quoted in *Glenn v. Bank*, 80 N.C. 97, is, we think, appropriate in interpreting legislative intent from the language used. He said: "Although the language of the decree, when an account of debts is directed, is that those who do not come in shall be excluded from the benefit of that decree, yet the course is to permit a creditor, he paying the costs of the proceedings, to *prove his debt as long as there happens to be a residuary fund in Court or in the hands of an executor, and to pay him out of that* residue. If a creditor does not come in till after the executor has paid away the residue, he is not without remedy, though he is barred the benefit of that decree." To like effect see *Hardware Co. v. Holt*, 173 N.C. 304, 92 S.E. 6.

We need not here determine whether the Legislature, having imposed a duty on claimants to file their claim with the surety, intended thereby to impose a duty on the surety to inform the court who are claimants and hence should be made parties.

It is, we think, manifest that the notice which was published by plaintiff as quoted in the statement of facts was not a compliance with and did not meet the requirements of G.S. 44-14. It contemplates notice which informs, not a notice which misinforms. Plaintiff's action was begun 15 December. By the express language of the statute the notice should have informed claimant that it might intervene at any time prior to 15 June 1959. To the contrary, the notice was that it might intervene within six months from 13 August 1958. It cut short by four months the time claimants had to intervene and participate in the distribution of the fund—penal sum of the bond. Manifestly the surety company, with knowledge of the claim which it failed to disclose to the court, cannot profit from the notice as published. *Bank v. Jordan*, 252 N.C. 419, 114 S.E. 2d 82; *Menzel v. Menzel*, 250 N.C. 649, 110 S.E. 2d 333; *Comrs. of Roxboro v. Bumpass*, 233 N.C. 190, 63 S.E. 2d 144; *Scott & Co. v. Jones*, 230 N.C. 74, 52 S.E. 2d 219; *Brett v. Davenport*, 151 N.C. 56, 65 S.E. 611; 72 C.J.S. 1102.

G.S. 1-108 is indicative of legislative policy not to bar claimants to a fund by service of process by publication when they may be accorded their just rights without injuriously affecting innocent parties.

By the terms of the statute, G.S. 136-28, the Highway Commission is entitled to priority in the monies to be paid by the surety company. After it has been paid, the balance should be paid to claimants who establish their claims. Presumably the bond provided ample monies to discharge all claims of the Highway Commission and laborers and materialmen now unpaid. If so, appellant is entitled to be paid the amount of its debt. If not, appellant is, since the notice was not suf-

ficient to meet statutory requirement, entitled to participate with other laborers and materialmen in such balance as may remain after discharging any claims of the Highway Commission.

Reversed.