## BUILDING SUPPLIES CORPORATION et al. v. WILLCOX et al.

### In re BALDWIN, PRINCE & CO.

(Circuit Court of Appeals, Fourth Circuit.   September 11, 1922.)

Nos. 1971–1974, 1976, 1986.

**1. Liens ⊙═8—Lien for "supplies" does not cover material for original construction.**

Code Va. 1919, § 6438, giving all persons furnishing "supplies," etc., to *any mining or manufacturing company,* a prior lien on the franchise, gross earnings, and real and personal property of the company used in operating it, does not give such lien to one furnishing materials and articles for the original construction of the buildings and plant of a manufacturing company; "supplies" meaning supplies furnished for operation, as contradistinguished from materials furnished for original construction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Supply (Noun).]

**2. Mechanics' liens ⊙═198—Liens for supplies held prior to lien for construction.**

Liens for supplies furnished a manufacturing company under Code Va. 1919, § 6438, *held* to have priority, as to the franchises, gross earnings, and real and personal property of the company, used in operating it, over mechanics' liens, or liens under section 6426, for furnishing materials for original construction of the same property.

**3. Statutes ⊙═225—Latest act controls.**

Generally the provisions contained in the act of latest passage control, as indicating the Legislature's last intention.

**4. Statutes ⊙═231—Last code section prevails.**

Where the difference in language is irreconcilable, generally the section of a Code last adopted in sequence must prevail.

Petitions to Superintend and Revise in Matter of Law Proceedings of, and Appeals from, the District Court of the United States for the Eastern District of Virginia, at Norfolk, in Bankruptcy; D. Lawrence Groner, Judge.

In the matter of the bankruptcy of Baldwin, Prince & Co.  Petitions to revise determination as to rights to liens and priorities thereof by the Building Supplies Corporation, by the Guarantee Construction Company, Inc., by the Connersville Blower Company, Incorporated, by Johns-Manville, Incorporated, and by the Southern Supply Company, respectively, and appeal by the Building Supplies Corporation and others, opposed by Thomas H. Willcox, Jr., and others, trustees in bankruptcy of Baldwin, Prince & Co., bankrupt, and others.  Affirmed.

284 F.—8

Herbert G. Cochran, Edward R. Baird, Jr., and E. R. F. Wells, all of Norfolk, Va. (Albert L. Roper, Baird, White & Lanning, and R. Clarence Dozier, all of Norfolk, Va., on the brief), for petitioners and appellants.

R. B. Spindle, Jr., of Norfolk, Va. (William Leigh Williams and T. D. Savage, both of Norfolk, Va., on the brief), for respondents and appellees.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

SMITH, District Judge. By agreement of counsel, all these causes were argued together at the same time, as involving exactly the same questions of law, and depending upon the same evidence and conclusions of fact. There are substantially but two questions which were argued, and which are for decision on these appeals, or upon the petitions to superintend and review the decision of the court below.

Whilst the matter has been brought up to this court both upon appeal and upon petitions to superintend and revise, the questions are the same, although it would appear that the proper proceeding was not by appeal, but by a petition to superintend and revise. There are no disputed questions of fact. The issues are purely ones of law and involve the proper construction of certain statutes of Virginia. There is no question as to the allowance or rejection of a debt. The questions involved relate only to the question as to whether an admitted claim is entitled to a lien, and, if so, what is the rank of that lien.

[1] The first of these questions for decision is whether under the terms of the statute of Virginia, embodied in section 6438 in its Code enacted in the year 1919, the materials and articles furnished for the original construction of the buildings and plant of a manufacturing company are entitled to the prior lien given by that section. The language of the section is that all persons furnishing supplies, etc., to any mining or manufacturing company shall have a prior lien upon the franchises, gross earnings and on all the real and personal property of the company which is used in operating the same.

The history of this provision of law is that by a statute enacted by the state of Virginia on the 2d day of April, 1879 (Acts 1878–79, p. 352), persons furnishing supplies to a mining or manufacturing company necessary for the operation of the company were given a prior lien on the franchises, gross earnings, and all the real and personal property of the company used in operating the same. In the Code of 1887 of the state of Virginia this act became section 2485 of that Code, and continued of force until February 15, 1892, when this section 2485 was amended by an act of the General Assembly (Acts 1891–92, p. 362), which, however, continued this lien in favor of persons who furnished supplies to a mining or manufacturing company, but limited the lien to the personal property of the company other than that forming part of its plant.

On December 10, 1903, the General Assembly of Virginia passed a statute (Acts 1902–03–04, p. 623), amending section 2485 by repealing or taking away so much of that section as gave a lien to persons furnishing supplies to a mining or manufacturing company. From this

date in 1903 until the adoption of the Code of 1919—16 years—the law did not give to persons furnishing supplies to mining or manufacturing companies the lien theretofore given. But by section 6438 of the Code of 1919, the provision giving this lien was re-enacted and restored, so as to give a prior lien to persons furnishing supplies to mining and manufacturing companies.

The language of this last enactment, however, did not contain the qualification in the previous acts prior to 1903, which required that the supplies furnished to be entitled to a lien must be necessary to the operation of the company. It is now argued that, inasmuch as this limitation was left out of this last enactment, it should be inferred that the Legislature intended to give a lien for all classes of supplies, whether necessary to the operation of the company or not, so as to include original materials furnished for original construction. This last act, however, was not passed until 16 years after all provision for such liens had been repealed and cancelled. The general meaning of "supplies" in other departments of law is supplies furnished for the purpose of operation, as contradistinguished from materials furnished for original construction.

The more natural interpretation of the statute would be that the Code revisers, who readopted this section in 1919, thought that the limitation was unnecessary and tautologous; for in accordance with the general acceptance of the meaning of the word "supplies" they were already limited to supplies furnished for operation, and did not include materials for original construction. Such seems to be the reasonable construction to be placed upon the last act of the Legislature, and it follows that in this case the materials furnished by the petitioners for the original construction of the plant of the bankrupt were not entitled to the benefit of the lien given by the act of 1919.

[2] The next question is as to the rank of the liens given by this act of 1919—whether they rank equally with or subordinate to or prior to what are termed mechanics' liens, as provided for in section 6426 of the Code of Virginia. Section 6426 provides that all persons, performing labor or furnishing materials for the construction, removal, repair, or improvement of any building or structure, shall have a lien, when perfected, upon such building or structure, and so much land therewith as shall be necessary for the convenient use and enjoyment thereof. This statute appears to have been originally a statute prior in date to the original statute giving this lien for supplies furnished; in other words, that the law in Virginia first provided in point of time for what is generally known as a mechanic's lien upon a building, so that the person who actually furnished the labor or material for construction should have a lien for his money.

It was not until at a later date that the policy of the law, as shown in its statutes, was also to give a lien to persons who furnished supplies for the operation of the company's business. The difference between the two is that the mechanics' lien under section 6426 is put upon the building or structure and so much of the land therewith as shall be necessary for the convenient use and enjoyment thereof, while section 6438 puts the lien for supplies upon all the real and personal property of the company which is used in operating the same. The conflict of

these liens would only be therefore as to such buildings or structures and lands as are used in operating the company, which in the case of a manufacturing company may well be its entire plant.

[3] However that may be, the general rule of law is (and necessarily so) that the provisions contained in the act of latest passage control as indicating the last intention of the Legislature. Inasmuch as the statute passed, giving a lien for supplies a prior lien, was passed in 1919, long after the date of the original passage of the statute giving a mechanic's lien, it would follow that the Legislature, having in mind that the law already existing gave to mechanics and persons furnishing materials for construction a lien, determined to give to persons furnishing supplies for operation a prior lien to this lien already provided for; such new prior lien to be a charge only on the property described in the last act. The lien given by the act of 1919 is a "prior lien." Some notice must be taken of and effect given to the word "prior." Prior to what liens? In the absence of other definition, it would logically mean "prior" to other existing liens provided for by law.

Both these classes of liens, viz. mechanics' liens for construction or repair, and supply liens for supplies, appear to be provided for in the Code of Virginia for 1919 in the same chapter, chapter 270; one being provided for in section 6426, and the other being provided for in section 6438. Section 6438 is necessarily a later section than section 6426, although both are included in the same chapter. So as matter of original enactment the provisions embodied in section 6426 appear to have been enacted long prior to those embodied in 6438.

Treating them both as embodied in one general statute upon a cognate subject, that is, upon the subject of liens, to be construed as statutes in pari materia, as a general statute covering the same subject, and being construed as a whole, the character of a lien being the connection which constitutes them in pari materia, and it appearing that liens are provided for, some simply as liens and others as prior liens, the Legislature should be supposed to have intended what those words would mean, and that the words "prior lien," in the same statute which provided for other liens, mean that that lien which is styled a prior lien shall take precedence over the other lien, which is simply styled "a lien," especially where a distinction is made in the description of the property covered by the lien.

[4] Assuming that these different sections—although originally enacted at different dates—should, as contained in the same chapter of a common Code, be regarded, not as prior and subsequent, but as simultaneous, expressions of the Legislative will, still the general rule is that, where the difference of language is irreconcilable, the section last adopted in sequence must prevail. It follows from this that the liens for these supplies have, as to the property mentioned in section 6438, viz. the franchises, gross earnings, and all the real and personal property of the company, used in operating the same, a prior lien over the mechanics' liens, or liens for furnishing materials for original construction of the same property.

We find no error in the decision of the court below to this effect, and the decree below is accordingly affirmed.