15561.   HEARN, administrator, *v.* DURRENCE.

JENKINS, P. J. 1. "The liability of a person who is . . . a surety for a bankrupt shall not be altered by the discharge of such bankrupt." Bankruptcy Act, § 16 (a) (U. S. Comp. St. § 9600); *Nat. Surety Co.* v. *Medlock,* 2 *Ga. App.* 665 (3 a) (58 S. E. 1131). It makes no difference under this section whether the creditor proves his claim and gets his dividend, as was done here, or fails to do so. He may proceed and collect the debt from the surety. 1 Collier, Bkr. (13th ed.), 585.

2. "A creditor holding a debt against a principal and deceased surety is under no duty to give notice of the existence of his debt to the administrator of the surety. He must give notice when he seeks to hold the administrator personally liable for a wrong application of the assets to other claims, but need not do so in order to hold the estate liable for the debt." *Goodwyn* v. *Hightower,* 30 *Ga.* 249 (2), 252. Nor will forbearance in the collection of the debt, "unless for a considera-

tion, . . release the surety." Civil Code (1910), § 3544; *McMillan* v. *Heard,* 19 *Ga. App.* 148, 151 (91 S. E. 235).

3. The averments merely to the effect that the plaintiff should in equity and good conscience have informed the defendant of the indorsement by the surety, and that her failure to do so amounted to a fraud upon defendant, and that the plaintiff and the principal on the note are "closely related, being brother-in-law and sister-in-law," were wholly insufficient to show any fraud between the plaintiff and the principal toward the surety or the defendant as administrator of his estate. See *Crawford* v. *Crawford,* 134 *Ga.* 114 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932). The court, on motion, correctly dismissed the plea as failing to set up a legal defense.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 17, 1924.

Complaint; from city court of Claxton—Judge Elmore. March 19, 1924.

*J. Carl Hodges, P. M. Anderson,* for plaintiff in error.

*W. G. Warnell, R. M. Girardeau, H. H. Durrence,* contra.