H. P. MOORE, R. L. MOORE AND M. L. MOORE, COPARTNERS, DOING BUSI-
NESS UNDER THE FIRM NAME AND STYLE OF MOORE BROTHERS, v. BUILD-
ERS MATERIAL COMPANY, A CORPORATION, W. P. ROSE, AND THE
NATIONAL SURETY COMPANY, A CORPORATION.

(Filed 27 October, 1926.)

1. **Mechanics Liens—Municipal Corporations—Cities and Towns—Surety
Bonds—Statutes.**

Where a surety company has executed a bond for a contractor to erect
a municipal building under the provisions of C. S., 2445, before the
amendment by chapter 100, Public Laws of 1923, conditioned among other
things for the general contractor to pay for all labor done and material
and supplies furnished for the work: *Held*, a sub-contractor's thirty-day
note given for materials furnished and actually used in the building, is not
a waiver by plaintiffs who furnished the material, and falls within the
liability assumed by the surety.

APPEAL by plaintiffs from *Barnhill, J.,* at February Term, 1926, of
WILSON. Reversed.

The facts are stated in the opinion.

*Connor & Hill for plaintiffs.*
*Kenneth C. Royall and W. A. Finch for defendants, W. P. Rose and
National Surety Company.*

CLARKSON, J. The plaintiffs are copartners; the Builders Material
Company was a corporation, and since the institution of this action,
has been adjudged bankrupt; the National Surety Company is a cor-
poration organized under the laws of the State of New York, engaged
in the business of becoming surety for other persons, and is authorized
to do business in North Carolina.

That on or about 1 December, 1921, W. P. Rose entered into a con-
tract with the board of trustees of the Wilson graded schools for the
erection and completion of a high school building, at a price exceeding
$200,000, and that under the terms of the contract, W. P. Rose was to
furnish and pay for all materials, supplies and labor necessary for the
erection and completion of the building.

That on or about 16 December, 1921, the said W. P. Rose, pursuant
to the contract, as principal, with the National Surety Company as
surety, executed and delivered unto the board of trustees of the Wilson
graded school, a bond in the sum of $90,101.00, containing, among other
things, the following:

"Now, therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, *and shall well and truly pay for all labor done and material and supplies furnished for the said work,* as is required of contractors and their bondsmen by section 2445 of the Consolidated Statutes of North Carolina, it being the intent and purpose of this obligation to comply with the provisions of said section."

That prior to 26 June, 1922, W. P. Rose entered into a contract with the Builders Material Company, Inc., for the purchase of certain material and other building materials to be used and which was used in the erection and construction of the said school building, making what is usually called a sub-contract.

That after W. P. Rose and the Builders Material Company, Inc., entered into the contract referred to, the Builders Material Company, Inc., purchased a portion of the materials called for in said contract from Moore Brothers, the plaintiffs herein, and the said Moore Brothers delivered the said materials to the Builders Material Company, who delivered them to W. P. Rose, and the same were used in and about the construction of the said school building.

The materials which were sold to W. P. Rose by the Builders Material Company, Inc., and which the plaintiffs, Moore Brothers, furnished, were doors, windows, door frames and window frames and similar materials, which were made according to the plans and specifications of the school building and were made for the purpose of being used therein.

. That on or about 26 May, 1922, the Builders Material Company, Inc., as an evidence of a part of the sum due Moore Brothers for the said materials, executed and delivered unto Moore Brothers a note in the sum of $1,664.88, due thirty days from date. That there is now due Moore Brothers on account of the note the sum of $1,664.88, with interest from 26 May, 1922, subject to a credit of $83.54 as of 15 December, 1925, the same being the dividend by the trustee in bankruptcy of the Builders Material Company.

W. P. Rose paid the Builders Material Company for the materials furnished to the Builders Material Company by Moore Brothers, and which is the subject of this action, and which were used in the construction of the school building before he, W. P. Rose, had any notice that Moore Brothers had sold and furnished the said materials to the Builders Material Company.

In regard to the motion to dismiss made by defendants, we can see no merit, under the facts and circumstances of this case.

This action was commenced before C. S., 2445 was amended by Public Laws 1923, ch. 100. C. S., 2445, in part, is as follows: "Every county, city, town or other municipal corporation which lets a contract for the building, repairing or altering any building, public road, or street, shall require the contractor for such work (when the contract price exceeds five hundred dollars) to execute bond with one or more solvent sureties before beginning any work under said contract, payable to said county, city, town or other municipal corporation, *and conditioned for the payment of all labor done on and material and supplies furnished for the said work,*" etc.

As the amendment is important, we give it:

"Section 1. That section two thousand four hundred and forty-five of the Consolidated Statutes be amended by adding thereto the following: Every bond given by any contractor to any county, city, town or other municipal corporation for the building, repairing or altering of any building, public road or street, as required by this section, shall be conclusively presumed to have been given in accordance therewith, whether such bond be so drawn as to conform to the statute or not, and this statute shall be conclusively presumed to have been written into every such bond so given.

Sec. 2. Only one action or suit may be brought upon such bond, which said suit or action shall be brought in the county in which the buildings, road or street is located, and not elsewhere. In all suits instituted under the provisions of this statute, the plaintiff or plaintiffs shall give notice to all persons, informing them of the pendency of the suit, the name of the parties, with a brief recital of the purposes of the action, which said notice shall be published at least once a week for four successive weeks in some newspaper published and circulating in the county in which the action is brought, and if there be no newspaper, then by posting at the courthouse door and three other public places in such county for thirty days. Proof of such service shall be made by affidavit as provided in case of the service of summons by publication. All persons entitled to bring and prosecute an action upon the bond shall have the right to intervene in said action, set up their respective claims, provided that such intervention shall be made within twelve months from the bringing of the action, and not later. If the recovery on the bond shall be inadequate to pay the amounts found due to all of the claimants, judgment shall be given to each claimant *pro rata* of the amount of the recovery. The surety on such bond may pay into court for distribution among the claimants the full amount of his lia-

bility, to wit, the penalty named in the bond, and upon so doing, such surety shall be relieved from further liability.

Sec. 3. This act shall not affect pending suits and litigation."

The present action was pending when the above amendment was passed.

Defendants contend that a thirty-day note was accepted by plaintiffs from the Builders Material Company, Inc., and the note was proved in bankruptcy, and the note constituted a payment. We cannot so hold. The acceptance of the note alone is not sufficient to effect a waiver of the right of plaintiffs, in the absence of an agreement to that effect. *Lumber Co. v. Trading Co.*, 163 N. C., p. 314. In *Electric Co. v. Deposit Co.*, 191 N. C., p. 658, a ninety-day trade acceptance was held not a bar to the right to recover on the bond.

We think the instant action is similar to and governed by the case of *Electric Co. v. Deposit Co., supra,* although in that case it is said: "There is evidence tending to show that the general contractor, as well as the supervising architect, had knowledge or were advised, though not formally notified, of the fact that the plaintiff was supplying the Wells Electric Company with certain materials for use in executing its part of the work." The decision is carefully written by *Stacy, C. J.,* and sustained by a wealth of authorities. The decision is not based on notice, but the *Chief Justice* well says: "In the instant case the general contractor agreed to provide 'all the material and perform all the work,' required for the erection of the building, and to 'pay for all labor done on, and all material and supplies furnished for said work.' These provisions, read in the light of the statute, look to the protection of those who furnish the labor and materials provided for in the contract, and not to the particular contract or engagement under which they are supplied. If the general contractor sees fit to let a portion of the work to a subcontractor, who employs labor and buys materials which are used to carry out and fulfill the engagement of the original contractor, the principal contractor is thereby furnished with the labor and materials for the fulfillment of his engagement as effectively. as he would have been had he directly hired the labor or bought the materials."

It may be stated that the defendants have no reason to complain. The Supreme Court of the United States held years ago, in *Hill v. Am. Surety Co.,* 200 U. S., 187 (decided 2 January, 1906), opinion written by *Mr. Justice Day,* in a similar case, that the Surety Company was liable. Numerous other decisions in the different states in the Union are to the same effect. Defendant Surety Company wrote the bond and took the premiums no doubt aware of these decisions. It is presumed that the defendant Rose, contractor, knew the law.

There is no hardship for the contractor to obtain from the subcontractor bills for all labor done on and all materials and supplies furnished for the work before he pays the subcontractor, for he knows his bond covers these accounts.

The plaintiffs furnished doors, windows, door-frames and window-frames and similar materials which were made according to the plans and specifications of the school building and were made for the purpose of being used therein, and the materials were furnished for the said work by plaintiffs and *were actually used* in the school building. In *Gravel Co. v. Casualty Co.,* 191 N. C., p. 313, *Brogden, J.,* ably discusses the liability whether the material is actually used or not and in that case it is held that where the contractor ordered and the materials were supplied for the work, but not actually used therein, is within the contractor's bond conditioned on payment for all material for which the contractor is liable. At p. 318: "Indeed, if any other rule of liability should be applied, materialmen would be compelled to stand over materials furnished and compel the contractor to incorporate them in the work in order to collect the purchase price. The logical result of such a rule would be to undermine and destroy business confidence and security."

For the reasons given the judgment below is

Reversed.