13058

AMERICAN HARDWARE & EQUIPMENT CO. v. DETROIT
FIDELITY & SURETY COMPANY

(156 S. E., 770)

October, 1930.

*Messrs. Tobias & Turner,* for appellant,

*Mr. E. A. Blackwell,* for respondent,

January 27, 1931.

The opinion of the Court was delivered by ACTING ASSO-
CIATE JUSTICE JOHN I. COSGROVE.

The single question presented herein is whether or not the bonding company is liable for the purchase price of a pump with accessories furnished the contractor while in the performance of his contract.

The bond furnished by the contractor, in accordance with the regulations of the State Highway Department, was conditioned that the principal (contractor) "shall in all things well and truly perform all the terms and conditions of the foregoing contract * * * and shall pay when and as due all lawful claims for labor performed or materials and supplies furnished for use in and about the construction of said highway or highway structures.'"

The contract defined the surety as follows: "The corporate body which is bound with and for the contractor who is primarily liable and which engages to be responsible for his payment of all debts pertaining to and for his acceptable performance of the work for which he has contracted."

The proposal form, accompanying the contract, was: "We * * * purpose to furnish necessary machinery, equipment, tools, labor and other means of construction, and to furnish all materials specified in the manner and at the time prescribed. * * *"

Plaintiff furnished the pump for the contractor for use on the project covered by the above bond and contract. According to the evidence, it was a small movable gas engine diaphragm pump, costing equipped the sum of $225.

Defendant offered no testimony, and at the conclusion of plaintiff's case moved for the direction of a verdict in its favor as to this item of the account sued on, upon the ground "that the pump under the evidence is not in the nature of supplies or materials, but was major equipment." This motion being refused, the trial Court, upon plaintiff's motion, directed a verdict for plaintiff for the full amount claimed, including the purchase price of the pump in question.

It would serve no useful purpose to review the cases cited by appellant. They, with many others, are collated in an

elaborate note on this proposition in 67 A. L. R., page 1232. See, also, *Clatsop County ex rel. Hilderbrand v. Feldschau,* 101 Or. 369, 199 P. 953, 18 A. L. R., page 1221; *Building Supplies Corp. v. Willcox* (C. C. A.), 284 F., 113; and *Hicks v. Randich,* 106 W. Va., 109; 144 S. E., 887.

This Court has heretofore construed a bond of like character, and has sustained the liability of the surety.

In *Standard Oil Co. of N. J. v. Powell,* 139 S. C., 441; 138 S. E., 184; 192, speaking through Mr. Justice Stabler, this Court said "We desire to direct attention particularly to the definition of the word 'surety' contained in the specifications which form a part of the contract, which definition is set out in the master's report. That definition states that the surety 'engages to be responsible for his (contractor's) payment of all debts pertaining to * * * the work for which he has contracted.' If any doubts remained as to surety's liability on the claims allowed in this suit, this definition should dispose of them. The liablity contracted for is certainly broad enough to include all claims allowed by the Circuit Court. Parties to a contract may, by agreement attribute to a word used in the contract any meaning they may desire, and if such meaning is clear the Courts will give effect to it." See, also, *Mack Mfg. Co. v. Bonding & Inc. Co.,* 103 S. C., 55; 87 S. E., 439; Id., 114 S. C., 207; 103 S. E., 499.

In the instant case, the conditions of the bond are much broader in scope and more comprehensive in terms than those of the bonds involved in the foregoing cases. Here, the surety not only defined itself as one who "engages to be responsible for the payment of *all* debts pertaining to * * * the work for which he has contracted" but specifically insured that the contractor "shall pay when and as due all lawful claims for * * * supplies furnished for use *in and about the construction* of said highway or highway structures." (Emphasis ours.)

We place the right to recover, therefore, upon the *Powell Case, supra,* and not on the construction of the single term "supplies," whether broad or narrow. The language of the contract, proposal, and bond, construed as a whole, evinces an intention that the surety shall be bound for "all debts pertaining to the work" and for "supplies furnished *for use* (not necessarily totally used or consumed, as appellant contends) *in and about* the construction of said highway or highway structures."

Judgment affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.