BANK OF WADESBORO v. NORTHWESTERN CASUALTY AND SURETY COMPANY and C. C. WHEELER.

(Filed 27 January, 1932.)

1. **Principal and Surety B b — Held, in this action the complaint sufficiently alleged that the required notice has been given the surety.**

   Where the complaint in an action on the bond given by a contractor for construction of a highway alleges that a statement of the claim against the surety on the bond was filed with the defendant surety company within six months after the project was completed, it is a sufficient allegation of compliance with the provisions of N. C. Code, 3846(v) requiring such notice be filed with the general agent of the surety in this State, and the defendant surety's demurrer on the ground that the complaint failed to state a cause of action because it failed to sufficiently allege compliance with the statute cannot be sustained.

2. **Same—Acceptance of draft by contractor does not ordinarily bar action on surety bond for materials for which draft was drawn.**

   Where a materialman furnishes crushed stone used by a contractor in the construction of a highway, and draws drafts on the contractor with the bill of lading attached for the amount thereof, and the contractor accepts the drafts, but fails to pay the drafts upon maturity: *Held,* the acceptance of the drafts by the contractor will not bar an action by the materialman or his assignee on the bond of the contractor filed with the State Highway Commission as provided by statute, where there is no agreement between the contractor and the drawer that acceptance should constitute payment.

3. **Same—Held transferee of drafts for material used in highway could maintain action on contractor's bond.**

   The assignment of a debt carries with it the security the assignor has for the payment of the debt, and where a materialman furnishes material to a contractor which is used in the construction of a public highway, and draws drafts on the contractor for the amount due therefor which are assigned and negotiated to a bank, and the contractor accepts the drafts but fails to pay them at their maturity: *Held,* the bank may maintain an action on the contractor's bond for the amount due thereon,

and the surety's demurrer on the ground that the complaint failed to allege that, at the time of the assignment and negotiation of the drafts, the accounts of the materialman were also assigned cannot be sustained.

APPEAL by defendant, Northwestern Casualty and Surety Company, from *Finley, J.*, at July Term, 1931, of STANLY. Affirmed.

This action was heard on the demurrer of the defendant, Northwestern Casualty and Surety Company.

The demurrer was on the ground that the facts stated in the complaint are not sufficient to constitute a cause of action on which the defendant is liable to plaintiff as alleged therein.

From judgment overruling the demurrer, the defendant appealed to the Supreme Court.

*R. L. Smith & Sons and Charles Ross for plaintiff.*
*C. H. Gover for defendant.*

CONNOR, J. This action is to recover on a bond which was executed by the defendant, C. C. Wheeler, as principal, and the defendant, Northwestern Casualty and Surety Company, as surety. The bond was executed and delivered to the North Carolina Highway Commission, in compliance with the provisions of a contract entered into by and between the said C. C. Wheeler and the said Highway Commission, by which the said C. C. Wheeler contracted and agreed with the said Highway Commission to provide and furnish all the materials and to do and perform all the labor required for the construction and completion of that portion of State Highway No. 74, known as Project No. 689. One of the conditions of said bond is that the said C. C. Wheeler, the contractor "shall well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway all and every sum or sums of money due him, them, or any of them, for all such labor or materials for which the contractor is liable."

After the execution and delivery of said bond, W. H. Haywood, operating under the name of Mt. Gilead Supply Company, pursuant to his contract with the said C. C. Wheeler, furnished, from time to time, crushed stone to be used by the said C. C. Wheeler in the construction of Project No. 689. This crushed stone was used by the said C. C. Wheeler as material in the construction of said project, in accordance with his contract with the North Carolina Highway Commission. The contract price of the crushed stone furnished by the said W. H. Haywood, and delivered by him to the said C. C. Wheeler, in three shipments—one on or about 21 November, 1928, and two on or about 15 December, 1929—was $2,905.05.

In accordance with the terms of the contract between C. C. Wheeler and W. H. Haywood, at the times the crushed stone was furnished by him to the said C. C. Wheeler, the said W. H. Haywood drew three drafts, each payable to Mt. Gilead Supply Company, on C. C. Wheeler. The aggregate amount of these drafts was $2,905.05. Each of the drafts was payable at the Bank of Wadesboro, and was duly accepted by the defendant, C. C. Wheeler. On the face of each of said drafts are the following words: "In settlement of invoice of crushed stone, Project No. 689, Stanly County." All of these drafts were duly assigned, transferred and negotiated by the Mt. Gilead Supply Company, for value and before maturity, to the plaintiff. They are now due and unpaid.

It is alleged in the complaint that "under the terms of the contract bond (a copy of which is attached and marked 'Exhibit B'), the defendant, Northwestern Casualty and Surety Company, is liable for the payment of the said Mt. Gilead Supply Company, and by virtue of the trade acceptances and assignments heretofore referred to, the defendant, Northwestern Casualty and Surety Company, became liable to the plaintiff for same."

"12. That after the said trade acceptances became due and payable at said bank, and the defendant, C. C. Wheeler, failed to pay same as he had agreed to do, the plaintiff notified the defendant Surety Company of the existence of said trade acceptances and the assignment to the plaintiff by the Mt. Gilead Supply Company and made demand that the defendant Surety Company pay same, which payment it has failed, neglected and refused to make."

"13. That upon failure and refusal of each of the defendants to pay above claim, and in accordance with the provisions of chapter 260 of the Public Laws of North Carolina, Session of 1925, and within six months after the completion of said Project No. 689, plaintiff duly filed with each of the defendants formal statements of its claim against the defendant, C. C. Wheeler, and within six months plaintiff likewise filed similar statements with the said North Carolina Highway Commission."

"14. That in accordance with the provisions of chapter 260 of Public Laws of North Carolina, Session of 1925, and of chapter 11 of the Public Laws of North Carolina, Session of 1923, plaintiff, at the time of bringing this action, intends to have published, once a week for four successive weeks in the Stanly *News and Press,* a newspaper published and in general circulation in Stanly County, North Carolina, a notice to all persons, informing them of the pending of this action, and the names of the parties, and briefly informing them of its purposes and likewise informing all persons entitled to bring an action on the bond, that unless sooner served with process they have twelve months from its institution

within which to intervene therein, a copy of which notice is attached hereto as 'Exhibit C,' and made a part of this complaint."

The first contention of the defendant in support of its exception to the judgment overruling its demurrer, is that plaintiff has not alleged in its complaint that a statement of its claim against the defendant, a corporation, as surety on the bond, was filed with its general agent in this State, as required by statute. N. C. Code of 1931, section 3846(v). It is alleged, however, that a statement of the claim was filed with the defendant within six months after Project 687 was completed. This is a sufficient allegation by the plaintiff that it has complied with the statutory provision, which is as follows:

"No action shall be brought upon any bond given by any contractor of the highway commission by any laborer, materialman, or other person until and after the completion of the work contracted to be done by the said contractor. Any laborer, materialman, or other person having a claim against the said contractor and the bond given by such contractor, shall file a statement of the said claim with the contractor and with the surety upon his bond, and in the event that the surety is a corporation, with the general agent of such corporation within the State of North Carolina, within six (6) months from the completion of the contract, and a failure to file such claim within said time shall be a complete bar against any recovery on the bond of the contractor and the surety thereon."

The statutory requirement is manifestly for the purpose of relieving a corporate surety of liability on the bond, when the statement is filed only with its local agent in this State. The defendant's contention that no cause of action is stated in the complaint for the reason that it is not alleged therein that a statement of plaintiff's claim was filed with its general agent in this State, cannot be sustained.

The second contention of the defendant is that upon all the facts alleged in the complaint the account of W. H. Haywood, operating under the name of Mt. Gilead Supply Company, for the crushed stone furnished as material for the construction of Project 689, was paid by the acceptances of the drafts drawn on him by C. C. Wheeler, and that for this reason the defendant is not liable for said accounts by reason of its execution of the bond. In the absence of allegations in the complaint showing that it was agreed by and between W. H. Haywood and C. C. Wheeler, that the acceptance by C. C. Wheeler of the drafts drawn by him by W. H. Haywood, was a payment of the accounts, this contention cannot be sustained. *Moore v. Material Co.,* 192 N. C., 418, 135 S. E., 113; *Electric Co. v. Deposit Co.,* 191 N. C., 653, 132 S. E., 808. In the last cited case, it is said that the acceptance by the materialman of a

ninety-day trade acceptance for the amount due by the contractor, as a matter of business convenience, is not a bar to his right to recover on the bond.

The third contention of the defendant is that plaintiff does not allege in its complaint that W. H. Haywood, operating under the name of Mt. Gilead Supply Company, at the time the drafts were assigned, transferred and negotiated to the plaintiff, also assigned his accounts against the defendant, C. C. Wheeler, for material furnished for use on Project No. 689, and that for this reason the plaintiff has failed to state in its complaint a cause of action against the defendant. It is well settled as a principle of law that the assignment of a debt carries with the security which the assignor has for the debt, and that the assignee has the benefit of such security. *Trust Co. v. Porter,* 191 N. C., 672, 132 S. E., 806. This principle is applicable in the instant case, and for this reason this contention of the defendant cannot be sustained.

As none of the contentions of the defendant on its appeal to this Court can be sustained, the judgment overruling its demurrer, is

Affirmed.