**UNITED STATES of America, Plaintiff,**

v.

**Morris HASS, William C. Kingsley and Lawrence Donner, Defendants.**

Civ. No. 13752.

United States District Court
E. D. New York.

June 28, 1957.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by William A. Dubrowski, Asst. U. S. Atty., Westerleigh, S.D.N.Y., for plaintiff.

Samuel B. Weingrad, New York City, for defendants William C. Kingsley and Lawrence Donner.

RAYFIEL, District Judge.

This is an action to recover the balance due on a promissory note made by the defendants as co-makers, and assigned to the plaintiff.

On March 29, 1951, a promissory note in the sum of $2,793.29 was signed by Larry & Morris, Inc., Morris Hass, William C. Kingsley and Lawrence Donner, to the order of The National City Bank of New York. It was insured by the Federal Housing Administration. After the sum of $852.97 was paid thereon the defendants defaulted.

One of the makers, Larry & Morris, Inc., filed a petition under Chapter XI of the Bankruptcy Act (Title 11 U.S.C.A. § 701 et seq.). The National City Bank of New York filed a proof of claim in that proceeding for the sum of $1,940.32, the balance due on said note. Thereafter, the note was assigned to the plaintiff, pursuant to the insurance provided by the Federal Housing Administration, and the plaintiff paid The National City Bank the then unpaid balance. A dividend in the sum of $509.30 was received by the Government in the arrangement (Chapter XI) proceeding, which reduced the amount due and unpaid on the note to $1,431.02, which is the amount in suit herein.

The defendant, Morris Hass has defaulted herein. The two remaining defendants, William C. Kingsley and Lawrence Donner, contend that the discharge of their co-maker, Larry & Morris, Inc., in the Chapter XI proceeding discharged them from any liability on the note.

I disagree with that contention. Section 16 of the Bankruptcy Act (Section 34, Title 11, U.S.C.A.) provides: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

There is no question but that this provision is applicable to Chapter XI proceedings. It is stated in Collier on Bankruptcy, 14th Edition, Volume 8, Section 371, at Page 1272, that "Whereas an ordinary composition of a principal's debt outside of bankruptcy, resting as it does in contract, is generally held to release the surety, the release of a principal's debt which results from confirmation of an arrangement *does not discharge the surety*. That result with respect to co-debtors with or sureties for the debtor is expressly provided for in Section 16 of the Act, which is applicable to Chapter XI proceedings. The word co-debtor is there used, of course, in the sense of a co-debtor of the obligation, not in the sense of a co-debtor in the Chapter XI proceeding." (Emphasis added.)

In view of the foregoing, I need not consider the other arguments advanced by the defendants.

Accordingly, judgment is rendered in favor of the plaintiff against the defendants in the sum of $1,431.02 with interest.