17797

DOMINION CULVERT & METAL CORP., Appellant, v. UNITED
STATES FIDELITY & GUARANTY COMPANY, Respondent

(120 S. E. (2d) 518)

*John A. Marion, Esq.,* of York, *for Appellant,*

454

*Messrs. Finley & Roberts,* of York, *for Respondent,* 

June 12, 1961.

Lewis, Justice.

This is an action by the appellant against the respondent, as surety on a contractor's bond executed in connection with the construction of a public improvement, to recover for materials furnished to a subcontractor. The appeal is from an order of nonsuit entered by the trial court at the conclusion of appellant's testimony.

C. P. Neal Construction Company, hereafter called Neal, entered into a contract with School District No. 3 of York County for the construction of a school building at Clover, South Carolina, and filed a bond with the respondent, United States Fidelity and Guaranty Company, as surety, guaranteeing the faithful performance of the contract and the pay-

ment for all labor and materials used in the construction. Neal subcontracted the roofing work on the school building to Rollins and Company, hereafter called Rollins. Rollins purchased from the appellant, Dominion Culvert and Metal Corporation, materials which were used on the school job in the performance of its subcontract with Neal. Before final completion of the subcontract, Rollins went into bankruptcy, owing to appellant a balance for materials furnished for the school building.

Before Rollins went into bankruptcy, Neal had paid to it a part of the subcontract price, a portion of which had been paid, at the request of Rollins, jointly to it and the appellant. After the business of Rollins was taken over by the bankruptcy court, Neal paid to the trustee in bankruptcy, upon demand of the trustee, the balance due Rollins and received from said trustee a release of Neal and the School District from any liability to Rollins arising by virtue of the subcontract.

The appellant filed its claim for the balance due it by Rollins in the bankruptcy proceedings as a common creditor and received its pro rata share in the distribution of the assets of the bankrupt. After receipt of this payment from the trustee in bankruptcy, this action was instituted against respondent as surety of the contractor to recover the balance due on the claim of appellant for materials furnished to Rollins, the subcontractor.

This appeal presents the following question for decision: Is the surety on a contractor's bond, executed in connection with the construction of a public improvement, liable for unpaid claims of a materialman of a subcontractor who has become bankrupt, where (1) the subcontractor has been paid in full by the contractor, (2) a release has been executed by the trustee in bankruptcy releasing the contractor and the owner from any liability to the bankrupt subcontractor arising by virtue of the subcontract, and (3) the materialman has filed his claim in the bankruptcy court as a common

creditor and received his pro rata share of the proceeds of the bankrupt estate?

The contract entered into with the School District by the contractor required the contractor to furnish all materials and perform all of the work as shown on the drawings and specifications for the school building. The bond required by the School District in connection with the contract, and signed by the respondent as surety, guaranteed that the contractor would "pay all persons who have furnished labor or materials for use in or about the improvement"; and provided, that "all persons who have furnished labor or material for use in or about the improvement shall have a direct action under the bond." It is undisputed in this appeal that the materials furnished by the appellant to the subcontractor were used in the construction of the school building.

It is now settled by the decisions of this Court that a contractor and the surety on his bond, given to secure payment for labor and materials furnished in the construction of a public improvement, whether the bond be required by statute or not, are liable not only for labor and materials furnished to the contractor, but also for those furnished to a subcontractor. *Molony & Carter Co. v. Pennell & Harley*, 169 S. C. 462, 169 S. E. 283; *Miller v. Cornell-Young Co.*, 171 S. C. 228, 171 S. E. 790; and that a materialman, may bring a direct action against the surety on such bond. *Mack Mfg. Co. v. Massachusetts Bonding & Insurance Co.*, 103 S. C. 55, 87 S. E. 439; *Standard Oil Co. of New Jersey v. Powell Paving & Contracting Co.*, 139 S. C. 411, 138 S. E. 184; *American Hardware & Equipment Co. v. Detroit Fidelity & Surety Co.*, 159 S. C. 263, 156 S. E. 770.

The contractor and the respondent, as surety, assumed the obligation to pay all persons who furnished labor or material for use in or about the construction of the school building. Their obligation arises by virtue of their contract, required by the public authorities, to pay for

the labor and materials furnished for the public improvement. If the contractor elects to furnish the labor and materials through a subcontractor, he and his surety are still liable under their contract to pay for them upon default of the subcontractor, for, as stated in the case of *United States for the Use of Hill v. American Surety Company*, 200 U. S. 197, 26 S. Ct. 168, 171, 50 L. Ed. 437: "If the contractor see fit to let the work to a subcontractor, who employs labor and buys materials which are used to carry out and fulfil the engagement of the original contract to construct a public building, he is thereby supplied with the materials and labor for the fulfilment of his engagement as effectually as he would have been had he directly hired the labor or bought the materials."

■ The fact that the subcontractor became insolvent does not affect the liability of the contractor and the surety on his bond. Insolvency of the subcontractor in such cases is a risk of the contractor and his surety. If the contractor or his surety desire to protect themselves against unpaid claims of a subcontractor, it would be very easy for them to require that the subcontractor provide adequate bond or other security which would indemnify them against any loss by reason of the subcontractor's insolvency. *Moore v. Builders' Material Co.*, 192 N. C. 418, 135 S. E. 113. *Standard Accident Insurance Co. v. Simpson*, 4 Cir., 64 F. (2d) 583, 589. In the last cited case the court said:

"Each of the bonds, signed by the contractor as well as the surety, guaranteed that the contractor would 'pay when and as due all lawful claims for labor performed or materials and supplies furnished for use in and about the construction of said highway or highway structures'; and we do not see how the letting of a part of the work to a subcontractor could be held to absolved the contractor or the surety from the obligation so undertaken. The public authorities were interested in providing that those who furnished labor or materials for the construction of

the highways should be paid for them; the bonds were taken for the purpose of guaranteeing that this would be done; the contractor could not have obtained the contracts without giving such bonds; and we do not think that, after they have been given and the contracts thereby obtained, laborers and materialmen, for whose protection they were required, should go unpaid because the work has been let to a subcontractor, who has given an inadequate bond and who proves to be insolvent."

The record shows that the contractor has paid the ██ full amount contracted to be paid by him to the subcontractor, either directly or to the trustee in bankruptcy, and has received a release from the trustee in bankruptcy discharging the contractor and the School District from all liability to the subcontractor by reason of the subcontract. It is contended that, since the contractor has paid all sums due to the subcontractor and has been issued the foregoing release by the trustee in bankruptcy, there is no further liability on the part of the contractor and the respondent, as surety on his bond, for the payment of claims of materialmen of the subcontractor. While this view of respondent finds some support in the cases, the weight of authority appears to be to the contrary. As stated in 43 Am. Jur. p. 895, Section 153: "In some cases the surety is held not liable, on the ground that the principal contractor had paid the subcontractor for the value of labor and materials and the latter had defaulted in payment of his laborers and materialmen, but in most cases this qualification is not recognized and the rule is stated to be that the contractor and the surety on the bond are liable even though the principal contractor has paid the subcontractor."

The rule supported by reason, and apparently by the weight of authority, is that the fact that the contractor has paid the subcontractor all amounts due under the subcontract does not operate to discharge the liability of the contractor and surety to unpaid materialmen of the subcon-

tractor under a bond such as was filed in this case. *Mankin v. United States,* 215 U. S. 533, 30 S. Ct. 174, 54 L. Ed. 315; *United States to Use of Deacon Bros. v. Starrett Bros. & Eken,* D. C., 18 F. Supp. 671; *Moore v. Builders' Material Co., supra.* This rule is based upon the obligation assumed by the contractor and his surety, under their contracts with the owner, to those furnishing labor and materials for the construction. His liability for materials and labor is not based upon the discharge of his obligation to the subcontractor, but arises under his contract with the School District to pay for all labor and materials, whether furnished directly to him or to a subcontractor. This places no undue burden on the contractor for, as stated in the case of *Moore v. Builders' Material Co., supra:* "There is no hardship for the contractor to obtain from the subcontractor bills for all labor done and all materials and supplies furnished for the work before he pays the subcontractor, for he knows his bond covers these accounts." [192 N. C. 418, 135 S. E. 114.]

The foregoing questions are the subjects of annotations in 70 A. L. R. 308 and 111 A. L. R. 311.

Finally it is contended that the filing by the appellant of its claim against the bankrupt subcontractor in the bankruptcy proceedings and the acceptance of its pro rata share of the bankrupt's estate bars recovery here. This position cannot be sustained.

As heretofore stated, the contractor was obligated by his contract with the School District to furnish all materials for the construction of the school building. The respondent, as surety on the bond of the contractor, guaranteed payment for such materials, whether against the contractor or a subcontractor. The respondent, under its obligation in this case, stands as surety for the payment of the claim for materials furnished to the subcontractor, not by any agreement with the subcontractor, but by virtue of respondent's agreement with the School District to guarantee payment of such

claims. It is true that the subcontractor was liable for payment for the materials furnished to him by the appellant, but the respondent was also liable as surety.

Since the position of the respondent is that of surety for the payment of claims for materials furnished to the contractor, either directly to him or to his subcontractor, its liability for the payment of such claims would not be affected by the discharge of the subcontractor in bankruptcy. 11 U. S. C. A. § 34. This section provides: "The liability of a person who is a co-debtor with, or guarantor, or in any manner a surety for a bankrupt shall not be altered by the discharge of such bankrupt."

A discharge in bankruptcy is personal to the bankrupt and, under the express provision of the foregoing section of the Bankruptcy Act, does not generally cancel, release, or impair the liability of a surety or a person jointly liable for debt. The creditor may prove his claim against the bankrupt and recover the balance remaining from the surety. *McClintic-Marshall Co. v. City of New Bedford,* 239 Mass. 216, 131 N. E. 444; *Hearn v. Durrence,* 33 Ga. App. 296, 125 S. E. 794; *United States v. Haas,* D. C., 152 F. Supp. 715; *United States to Use of General Electric Co. v. Schofield,* C. C., 182 F. 240, affirmed 3 Cir., 187 F. 98. Under similar facts to this case, it has been held that the failure of the creditor to file or pursue any claim in bankruptcy against the bankrupt subcontractor's estate did not affect the liability of the surety. *Fidelity & Casualty Co. of N. Y. v. Lackland,* 175 Va. 178, 8 S. E. (2d) 306.

It does not appear that the filing by appellant of its claim in the bankruptcy proceeding, and thereby collecting part of its debt, has resulted in any legal prejudice to the respondent.

Reversed.

TAYLOR, C. J., and OXNER, LEGGE and Moss, JJ., concur.