22512

Tom FROST d/b/a Monroe Heating and Air Conditioning Company and Southern Scale and Refrigerator Company, Inc., Appellee v. WILLIAMS MOBILE OFFICES, INC., and Fireman's Fund Insurance Company, Appellants.

(343 S. E. (2d) 441)

Supreme Court

*J. D. Humphries, III*, of *Varner, Stephens, Wingfield, McIntyre & Humphries*, Atlanta, Ga., and *Stanford Lacy*, Columbia, *for appellants.*

*Donald E. Rothwell*, Columbia, and *Martin A. Salzman*, Atlanta, Ga., *for appellees*.

Heard Feb. 10, 1986.

Decided March 31, 1986.

GREGORY, Justice:

Dawson Construction Company, a general contractor, was hired to renovate Moncrief Army Hospital at Fort Jackson. Dawson was obligated to provide hospital staff with temporary offices during the renovation. Dawson subcontracted this work to appellant Williams Mobile Offices. The subcontract required Williams to furnish a suppliers bond and a performance bond. These bonds were executed by appellant Fireman's Fund Insurance Company. The subcontract also provided:

> Sub-contractor shall at all times supply adequate tools, appliances, and equipment, a sufficient number of properly skilled workmen, and a sufficient amount of materials and supplies of proper quality to efficiently and promptly prosecute said work and *shall promptly pay for all materials purchased*. . . . (emphasis added.)

Thereafter, Williams subcontracted with Modular Concepts, Inc. for certain labor and materials required by the Dawson contract. Modular Concepts subcontracted with Monroe Heating and Air, and Southern Scale and Refrigerator.

After the project was completed, Dawson paid Williams, who in turn paid Modular Concepts. Modular Concepts, however, was insolvent and failed to pay appellees. Appellees commenced this action in Federal Court to recover under the bond furnished by Williams to Dawson.

The Honorable G. Ross Anderson of the Federal District Court for the District of South Carolina found appellees to be third party beneficiaries of the bond. Appellants have appealed, and the Fourth Circuit Court of Appeals certified the following question to this Court:

> Are the claimants third party beneficiaries of the surety bond executed by Fireman and as such entitled to sue for the recovery of their unpaid claims under such bond? the bond as executed by Fireman? (sic)

We answer this question in the affirmative.

"[A] contractor and the surety on his bond, given to ■ secure payment for labor and materials furnished in the construction of a public improvement, ... are liable not only for labor and materials furnished to the contractor, but also for those furnished to the subcontractor." *Dominion Culvert & Metal Corp. v. U. S. Fidelity & Guaranty Co.*, 238 S. C. 452, 456, 120 S. E. (2d) 518, 520 (1961); *See also Roberts v. Lawrence*, 243 S. C. 158, 133 S. E. (2d) 74 (1963). Although the instant case involves a subcontractor and his surety, the *Dominion Culvert* rule is no less applicable. The subcontract between Dawson and Williams obligated Williams to pay for materials furnished. As in *Dominion Culvert*, Williams would be responsible for labor and materials furnished to its subcontractor.

A contrary rule would permit contractors and subcontractors to insulate themselves from liability by executing a series of subcontracts. The burden created by the *Dominion Culvert* rule is not great as argued by appellants. In order to protect themselves, they could have required bonds from each subcontractor. *See Dominion Culvert*, 238 S. C. at 457, 120 S. E. (2d) at 520.

Appellants seek to distinguish *Dominion Culvert* arguing that case involved a statutory bond, whereas the instant case does not. This is a distinction without a difference. The rule is applied to bonds "... whether ... [they] ... be required by statute or not." *Dominion Culvert*, 238 S. C. at 456, 120 S. E. (2d) at 520.

Accordingly, we hold that appellees can recover under the Dawson-Williams bond.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.