## CIRCUIT COURT OF FAIRFAX COUNTY

Ungaro

v.

Quality Systems
Associates et al.

March 18, 1998

Case No. (Law) 162623

BY JUDGE MARCUS D. WILLIAMS

This matter is before the Court on Defendants' Motion to Dismiss Counts Four and Six,[1] Wrongful Discharge and Unjust Enrichment respectively, of Plaintiff's Motion for Judgment as a result of Plaintiff invoking the Fifth Amendment privilege against self-incrimination to certain interrogatories. For the reasons set forth below, the Motion is denied.

In the Motion for Judgment, Plaintiff alleges that after ten years of service, the Defendants forced him to resign from his position as Director of Technical Services and Vice-President of Quality Systems Associates (hereinafter QSA) when they learned that Plaintiff was going to exercise his right to cash in his 4,500 shares of stock in the company. Plaintiff states that as a result of Defendants' behavior, the company was unjustly enriched. Plaintiff filed suit alleging, among other things, wrongful discharge and unjust enrichment.

In their defense, Defendants assert that Plaintiff was not wrongfully discharged because Plaintiff used drugs during working hours. Defendants served interrogatories upon Plaintiff that asked whether Plaintiff had ever used or encouraged others to use drugs while employed by Defendants. In

---

[1] Defendants in their Motion to Dismiss incorrectly identified the Unjust Enrichment count as Count Five. The Court finds that this was a typographical error and, as such, considered Defendants' argument as relevant to Count Six not Count Five.

response to the questions, Plaintiff asserted his right against self-incrimination under the Fifth Amendment of the United States Constitution.

Defendants argue that Plaintiff, by exercising his Fifth Amendment privilege, is frustrating their attempts to obtain information relevant to possible defenses. They state that Va. Code § 8.01-223.1[2] does not apply, and that even if it does, it must be construed to conform to the common law because any other interpretation would eliminate the common law doctrine of "sword and shield." Defendants assert that the common law doctrine of "sword and shield," codified in part by Va. Code § 8.01-401(B)[3] and recognized by the Virginia Supreme Court in *Davis v. Davis*, 233 Va. 452 (1987), requires dismissal of the wrongful discharge and unjust enrichment counts of Plaintiff's Motion for Judgment. Defendants also argue that Plaintiff has waived his privilege against self-incrimination by filing this lawsuit and by stating under oath that his answers to QSA's First Set of Interrogatories were correct and true. Interrogatory Number 21 asked Plaintiff whether he signed the original of the attached insurance form and to identify all information in the document that he knew to be untrue or incorrect. Defendants assert that by answering "no" to a question regarding drug use on the insurance application, Plaintiff effectively waived his right to assert his Fifth Amendment privilege in this litigation.

Plaintiff responds that Va. Code § 8.01-401(B) is not applicable in this situation because Va. Code § 8.01-223.1 protects his right to invoke his Fifth Amendment privilege without consequence to his suit. Additionally, he contends that he has not waived his constitutional right to assert his Fifth Amendment privilege. Finally, Plaintiff raises the issue that Defendants cannot assert a defense based upon after-acquired evidence.

In *Davis*,[4] the Virginia Supreme Court stated that it would be "unjust to permit parties to use the courts to seek affirmative relief while at the same time deflecting relevant questions, the answers to which may constitute a

---

[2] Va. Code § 8.01-223.1 provides: "In any civil action, the exercise by a party of any constitutional protection shall not be used against him." *Id.*

[3] Pursuant to § 8.01-401(B), Code of Virginia (1950), as amended, "If any party, required by another to testify on his behalf, refuses to testify, the court, officer, or person before whom the proceeding is pending, may, in addition to punishing said party as for contempt, dismiss the action, or other proceeding of the party so refusing, as to the whole or any part thereof, or may strike out and disregard the plea, answer, or other defense of such party thereof, as justice may require."

[4] The Virginia General Assembly enacted Va. Code § 8.01-223.1 in 1985, after entry of the final order by the trial court in the *Davis* case. Thus, the Virginia Supreme Court did not cite to the new statute or consider it in its decision.

defense to the claims asserted." *Id.* at 457. For the *Davis* rationale to apply, the party exercising the privilege must have refused to answer questions pertinent to the issues involved.

Defendants assert that they are entitled to use Plaintiff's drug use as a defense to Plaintiff's claim that he was unjustifiably discharged. It is well settled that where a sufficient cause exists for the discharge of an employee, although not the motive for the discharge, or even known to the employer at the time of discharge, the after-acquired evidence can justify the discharge. *See, Elliott v. Shore Stop,* 238 Va. 237, 243 (1989).

The interrogatories to which Plaintiff has asserted the Fifth Amendment privilege are those that concern the basis for Defendants denying the allegations in the Motion for Judgment. But for Va. Code § 8.01-223.1, the Plaintiff's refusal to answer the interrogatories would frustrate the Defendants' ability to put on a defense, and thus, entitle the Defendants to some form of sanction under Va. Code § 8.01-401(B). However, the Court must consider what, if any, impact Va. Code § 8.01-223.1 has had upon the "sword and shield" doctrine and Va. Code § 8.01-401(B).

Va. Code § 8.01-223.1 was enacted after Va. Code § 8.01-401(B), which in part codifies the "sword and shield" doctrine. Because these statutes appear to address the same subject matter, the Court must consider them *in pari materia.* Where there is a conflict between provisions of a general and special statute, the special statute controls. *See Powers v. County Sch. Bd. of Dickenson County,* 148 Va. 661, 669 (1927). Even if these statutes are deemed irreconcilable, the section which is the later legislative expression must prevail. *See Building Supplies Corp. v. Willcox,* 284 F. 113, 116 (4th Cir. 1922). While Va. Code § 8.01-401(B) may have general application to remedy situations where a party refuses to testify, Va. Code § 8.01-223.1 prohibits any sanctions where the party's refusal is based upon the use of a constitutional protection. By enacting Va. Code § 8.01-223.1, the Virginia General Assembly has effectively abrogated the "sword and shield" doctrine and has modified the sanctions provided in Va. Code § 8.01-401(B) as they pertain to the invocation of a constitutional protection by a party refusing to testify.

Having decided that Va. Code § 8.01-223.1 prohibits dismissal of Plaintiff's claims for exercising his constitutional right, the next issue is whether Plaintiff waived his constitutional right when he filled out QSA's insurance application. In order to have an effective waiver, there must be a voluntary and unequivocal relinquishment of a known right. *Coleman v. Nationwide Life Ins. Co.,* 211 Va. 579, 583 (1971). Further, the party

asserting waiver has the burden of establishing by clear and unmistakable evidence that the other party had full knowledge of his rights and waived them. *Utica Mutual Ins. Co. v. National Indem. Co.*, 210 Va. 769, 773 (1970). The Defendants have not demonstrated that by filling out an insurance application, Plaintiff intended to relinquish his Fifth Amendment privilege in this case. Defendants have not shown that Plaintiff knew of his Fifth Amendment rights at the time he signed the insurance application and intended to waive them. In fact, Plaintiff's actions in filling out the application occurred prior to this litigation. The Court does not find that Plaintiff has waived his privilege and, as such, the exercise of his constitutional right cannot be used against him.

Finally, the Court rejects Plaintiff's argument that Defendants must obtain leave before they may assert a defense based upon after-acquired evidence.

For the foregoing reasons, the Court denies Defendants' Motion to Dismiss.