SCM CORPORATION, GLIDDEN-DURKEE DIVISION v. FEDERAL CONSTRUCTION COMPANY AND GREAT AMERICAN INSURANCE COMPANY

No. 7617DC58

(Filed 2 June 1976)

1. **Principal and Surety § 9— public construction bond — housing authority as municipal corporation**

    A housing authority is a "municipal corporation" within the meaning of former G.S. 44-14 which allows only one action on a bond given

SCM Corp. v. Construction Co.

for construction of a municipal building and requires such action to be brought in the county in which the building is located.

2. **Principal and Surety § 9— materialman's action against contractor — action on account — inapplicability of public construction bond statute**

An action to recover for materials furnished a general contractor for use in constructing a building for a housing authority is a suit on an account and not a suit on the contractor's bond; therefore, former G.S. 44-14 is inapplicable to such suit.

APPEAL by plaintiff from *Clark, Judge*. Order entered 13 October 1975 in District Court, ROCKINGHAM County. Heard in the Court of Appeals 6 May 1976.

In its complaint, filed 18 April 1975 in Rockingham County, plaintiff sued defendant Federal Construction Company (hereinafter "Federal") for funds due and owing on a building materials and supplies account, and also sued defendant Great American Insurance Company (hereinafter "Great American") for its "guarantee" under a performance and payment bond.

In May 1975, defendants, in separately drawn but parallel motions, moved for dismissal, alleging, inter alia, that Great American had issued its bond pursuant to former G.S. 44-14, which, they argue, " . . . requires that only one action may be brought on a bond for a municipal construction project and that that action must be brought in the county in which the municipal corporation is located." Averring further that the sponsoring housing authority " . . . of the town of Marshall is a municipal corporation existing in Madison County, North Carolina . . . " , defendants noted that on " . . . or about November 29, 1973, an action was instituted in Superior Court for Madison County; said action being entitled CHARLIE NANCE v. FEDERAL CONSTRUCTION COMPANY, et al. Pursuant to the requirements of N.C.G.S. 44-14 the Plaintiff in the action denominated CHARLIE NANCE v. FEDERAL CONSTRUCTION COMPANY, et al gave the required public notice to all creditors making a claim under the bond attached to Plaintiff's Complaint and thereafter several claimants joined in the said action." Thus, defendants, pointing out "[t]hat the six months allowed for intervention in the Charlie Nance action ha[d] expired . . . [and] ha[d] in fact been dismissed . . . " , sought dismissal under Rule 12(b)(1) and (6) " . . . for the reason that N.C.G.S. 44-14 allows for only one action against . . . [these defendants] . . . and that said action has already been prosecuted and concluded . . . in Madison County, North Carolina. . . . " Thus,

defendants asserted their respective defenses on both lack of jurisdiction and improper venue grounds.

Defendants attached to their motions a copy of the complaint in *Charlie Nance v. Federal Construction Company, et al,* and further attached a copy of a notice published pursuant to the "Charlie Nance" action. The record further contained the corporate charter for the Marshall Housing Authority, issued 23 October 1967, which established said Authority as "a public body and a body corporate and politic."

From an order dismissing the action against both defendants, plaintiff appeals.

*C. Orville Light for plaintiff appellant.*

*Powe, Porter, Alphin & Whichard, P.A., by Edward L. Embree III, for defendant appellees.*

BRITT, Judge.

[1] Plaintiff appellant, maintaining that former G.S. 44-14 is inapplicable to this case, contends that the trial court erred in granting defendants' respective motions for dismissal in that the particular housing authority overseeing this development project is not a "municipal corporation." We agree with the trial court's order as to defendant Great American, but disagree with the order as to defendant Federal.

As plaintiff's contention intimates, the narrow dispositive question is simply whether the particular housing authority is a "municipal corporation" under former G.S. 44-14. Before reaching this question, however, it first should be pointed out that notwithstanding repeal by 1973 Session Laws, Chapter 1194, § 6, this case is still governed by former G.S. 44-14 in that the relevant contractual arrangements, accounts and bonds were executed prior to the repealing act's effective date of 1 September 1974. See 1973 Session Laws, Chapter 1194, § 7. It also should be noted that our Supreme Court, interpreting the jurisdictional breadth of this statute, has stated that "[t]his statute applie[s] only to bonds given to a county, city, town or other municipal corporation. . . . " *Trust Co. v. Highway Commission,* 190 N.C. 680, 683, 130 S.E. 547 (1925).

G.S. 44-14 provided in pertinent part:

" . . . Only one action or suit may be brought upon such bond, which said suit or action shall be brought in the

county in which the building, road, or street is located, and not elsewhere. In all suits instituted under the provisions of this statute, the plaintiff or plaintiffs shall give notice to all persons, informing them of the pendency of the suit, the name of the parties, with a brief recital of the purposes of the action, which said notice shall be published at least once a week for four successive weeks in some newspaper published and circulating in the county in which the action is brought, and if there be no newspaper, then by posting at the courthouse door and three other public places in such county for thirty days. Proof of such service shall be made by affidavit as provided in case of the service of summons by publication. All persons entitled to bring and prosecute an action on the bond shall have the right to intervene in said action, set up their respective claims, provided that such intervention shall be made within six months from the bringing of the action, and not later. . . . ”

Though not related to this statute, our Supreme Court in *Wells v. Housing Authority*, 213 N.C. 744, 748, 197 S.E. 693 (1938), broadly and definitively opined that a housing authority represents “ . . . a proper exercise of governmental authority . . . [and] differs in [but] one particular from the usual type of municipality—the ownership of the instrumentalities by which the public purpose is to be served. But we cannot see that such ownership detracts from the public or municipal character of the agency employed.” Thus, our Supreme Court for many years has considered housing authorities, at least those enjoying public corporate status, to be “municipal corporations” where such description is relevant and necessary to the effective discharge of their detailed duties. We, therefore, reject plaintiff's contention with respect to defendant Great American.

[2]  We conclude, however, that plaintiff effectively has raised a meritorious argument regarding defendant Federal. Simply stated, plaintiff's cause of action against the contractor Federal is a suit on an account and is not a suit upon a bond. Thus, former G.S. 44-14 is inapplicable with respect to defendant Federal.

For the reason as stated, we affirm as to defendant Great American and reverse as to defendant Federal.

Judges PARKER and MARTIN concur.